[S. F. No. 17770. In Bank. Nov. 1, 1949.]

Estate of THERESA GARCIA, Deceased. HENRY MAR-
SHALL, Appellant, v. MARY ROGERS, as Administra-
trix, etc., Respondent.

Benjamin C. Mickle and A. B. Bianchi for Appellant.

J. J. Henderson and Donald E. Wachhorst as Amici Curiae, on behalf of Appellant.

Donahue, Richards, Rowell & Gallagher and A. R. Rowell for Respondent.

TRAYNOR, J.—Petitioner has appealed from a judgment entered on the pleadings precluding him from participating as an heir in the distribution of his paternal aunt's estate, as well as from an order denying his motion to amend his petition after judgment. ■ The order is not appealable under the provisions of section 1240 of the Probate Code, and the appeal therefrom must be dismissed. The petition on which judgment was entered against petitioner on the pleadings alleged that although born the illegitimate son of decedent's brother, he had been legitimated by his father under the provisions of section 230 of the Civil Code. Respondent, administratrix of the estate of petitioner's aunt, contends that under section 255 of the Probate Code petitioner cannot inherit any part of the aunt's estate because his parents never intermarried.

Section 230 of the Civil Code provides: ''The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth. The foregoing provisions of this chapter do not apply to such an adoption.'' Section 255 of the Probate Code provides: ''Every illegitimate child is an heir of his mother, and also of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father, and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock; but he does not represent his father by inheriting any part of the estate of the father's kindred, either lineal or collateral, unless, before his death, his parents shall have intermarried, and his father, after such marriage, acknowledges him as his child, or adopts him into his family; in which case such child is deemed legitimate for all purposes of succession. An illegitimate child may represent his mother and may inherit any part of the estate of the mother's kindred either

lineal or collateral." The issue, therefore, is whether section 255 of the Probate Code qualifies section 230 of the Civil Code and governs the inheritance of all persons born illegitimate whether or not they are subsequently legitimated.

 The cases involving the right of a person born illegitimate to inherit directly from his father have uniformly held that section 230 is not qualified by section 255; that the two sections provide alternate methods by which a person may become the heir of his father. (*Estate. of Pico,* 52 Cal. 84, 87; *In re Jessup,* 81 Cal. 408, 421-422 [21 P. 976, 22 P. 742, 1028, 6 L.R.A. 594]; *Estate of Flood,* 217 Cal. 763, 767 [21 P.2d 579]; *Estate of Lund,* 26 Cal.2d 472, 482 [159 P.2d 643, 162 A.L.R. 606].) It is clear, therefore, that with regard to direct inheritance from the father, the words "illegitimate child" in section 255 are applicable, not to every child who is born illegitimate, but only to children, born illegitimate, who have not been legitimated under either section 215 or section 230 of the Civil Code. These words must have the same meaning with regard to inheritance through the father if their meaning has any consistency. Otherwise the restrictive language of section 255* would conflict with the provision of section 230 of the Civil Code that a child legitimated by adoption is thereafter "deemed for all purposes legitimate," and the provision of section 215 of the Civil Code that "A child born before wedlock becomes legitimate by the subsequent marriage of its parents." A child who is "deemed for all purposes legitimate" cannot be regarded as still illegitimate for some purposes, and a child who has become legitimate can no longer be regarded as an "illegitimate child."

The statutes are not in conflict when the words "illegitimate child" are interpreted as referring only to children born illegitimate who have not been legitimated under the provisions of the Civil Code. Although this interpretation renders some of the restrictive language of section 255 superfluous, it is supported by the legislative history of the statutes regarding legitimation and inheritance by illegitimates as well as the cases involving the rights of direct inheritance of those born illegitimate. (See 29 Cal.L.Rev. 185, 187-191.) The forerunner of section 255 of the Probate Code was enacted

---

*"[B]ut he does not represent his father by inheriting any part of the estate of the father's kindred, either lineal or collateral, unless, before his death, his parents shall have intermarried, and his father, after such marriage, acknowledges him as his child, or adopts him into his family. . . ."

in 1850 (Cal. Stats. 1850, pp. 219-220) to provide a method by which a person born illegitimate could inherit from his mother, and if his father formally acknowledged him, could inherit from his father, and if his natural parents later married could inherit as a legitimate child. It was not until 1870 that the forerunners of sections 215 and 230 of the Civil Code were enacted to provide for the legitimation for all purposes of persons born illegitimate. (Cal. Stats. 1870, §§ 8-9, pp. 530-531.) While thus mitigating further the burdens of illegitimacy, however, the Legislature repealed the statute of 1850 (Cal. Stats. 1870, p. 531), the only law by which those not legitimated under the new statutes could inherit at all. The Legislature corrected this error by ineptly including the whole of section 1387 (now Prob. Code, § 255) in the Civil Code in 1872. We do not believe that in reenacting the older provision to restore the rights of those who remained illegitimate, the Legislature intended to limit the effectiveness of the sections of the Civil Code derived from the act of 1870 under which a person born illegitimate could attain the status of legitimacy for all purposes. The trend of legislation governing the rights of persons born illegitimate is to give them the same status as those born legitimate. (See *Rivieccio* v. *Bothan*, 27 Cal.2d 621, 626 [165 P.2d 677].) It would be unreasonable to conclude that because the Legislature readopted an old provision made partially obsolete by later legislation to fill the gap created by the statutory changes of 1870, it intended to limit the effect of the general legitimation statutes. It would be even more unreasonable to hold that the words ''illegitimate child'' appearing in section 255 have one meaning when read with the part of the statute providing for direct inheritance and another when read with the provision governing collateral inheritance. Accordingly, those words refer, not to every child who is born illegitimate, but only to such children who have not been legitimated under the provisions of sections 215 or 230 of the Civil Code. The dictum of this court to the contrary in its opinion on denial of hearing in *Wolf* v. *Gall*, 32 Cal.App. 286 [163 P. 346, 350], is disapproved.

The judgment is reversed. The appeal from the order denying petitioner's motion to amend his petition is dismissed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.