[Civ. No. 7647.   Third Dist.   Dec. 5, 1949.]

Estate of SARA E. BARTON, Deceased. LAURA LAVON HARRIS, Appellant, v. RUBY I. SHAW et al., Respondents.

J. J. Henderson and Donald Wachhorst for Appellant.

John Quincy Brown, District Attorney, Ralph H. Lewis and White & Harber for Respondents.

PEEK, J.—This is an appeal by petitioner from a judgment precluding her from participating as an heir in the distribution of the estate of Sara E. Barton, deceased.

By her petition to determine heirship, it was alleged that decedent died intestate; that petitioner was the illegitimate daughter of decedent's father who had legitimated her by compliance with the requirements of section 230 of the Civil Code; that she was therefore the half-sister of decedent and as such was the sole heir at law of said decedent entitled to the distribution of the whole of decedent's estate.

The trial court found the foregoing allegations to be true and in addition found that petitioner's parents did not intermarry and concluded therefrom that under the provisions of section 255 of the Probate Code the petitioner was not entitled to inherit any part of said estate.

The sole question presented for determination on this appeal is whether appellant, as an illegitimate child who has

been legitimated by her father under the provisions of section 230 of the Civil Code is entitled to inherit the whole of the estate of her deceased legitimate half-sister to the exclusion of respondents who are the first cousins of decedent.

It is appellant's contention, as it was in the probate court, that since she was legitimated in accordance with section 230 of the Civil Code which provides in part that "such child is thereupon deemed for all purposes legitimate from the time of its birth," she is entitled to inherit as decedent's half-sister. In opposition to such contention respondents argue that as the parents of appellant never married she cannot, under the provisions of section 255 of the Probate Code, inherit any part of decedent's estate.

At the time this appeal was argued the case of *Estate of Garcia*, 34 Cal.2d 419 [210 P.2d 841] was pending in the Supreme Court, and as the precise question here in issue was likewise the sole issue in that case, the present appeal was submitted pending the filing of the opinion in the Garcia case. Obviously therefore the opinion of the Supreme Court therein is decisive of this proceeding, and because of the similarity of the two cases a dissertation by this court upon the question involved would be nothing more than a restatement of the rule therein enunciated, and hence would be wholly superfluous. Suffice it to say that the Garcia case has now laid down the rule in this state that a "child who is 'deemed for all purposes legitimate' [Civ. Code, § 230] cannot be regarded as still illegitimate for some purposes, and a child who has become legitimate can no longer be regarded as an 'illegitimate child.' " (34 Cal.2d 421.) Thus the restrictive language of section 255 of the Probate Code has no application to appellant herein who was legitimated by her father in accordance with the provisions of said section 230 of the Civil Code.

The judgment is reversed.

Adams, P. J., and Thompson, J., concurred.