

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2004

# Nielsen Tyler v. Armstrong

Precedential or Non-Precedential: Precedential

Docket No. 02-3961

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Nielsen Tyler v. Armstrong" (2004). *2004 Decisions*. Paper 747.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/747

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

IN THE UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT

NO. 02-3961

BEATRICE A. NIELSEN TYLER
Appellant

v.

LOUIS ARMSTRONG, AS
ADMINISTRATOR OF THE
ESTATE OF FELIX FRANCIS

On Appeal From the District Court of the
Virgin Islands
(D.C. Civil Action No. 00-cv-00128)
District Judge:  Hon. Thomas K. Moore
District Judge:  Hon. Stanley S. Brotman
Territorial Judge:  Hon. Brenda J. Hollar

Submitted Pursuant to Third Circuit LAR
34.1(a)
December 8, 2003

BEFORE:  NYGAARD, BECKER and
STAPLETON, Circuit Judges

(Opinion Filed April 14, 2004)

Eszart A. Wynter, Esq.
17 Estate Whim, P.O. Box 1847
Frederiksted, St. Croix
USVI  00841-1847
 Attorney for Appellant

Rhonda Hospedales, Esq.
Nichols, Newman, Logan & D'Eramo
1131 King Street - Suite 204
Christiansted, St. Croix
USVI  00820-4971
 Attorney for Appellee

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Beatrice Nielsen Tyler ("Tyler") filed a "Petition for Legitimization" in the Territorial Court of the Virgin Islands seeking to establish that she had been legitimated pursuant to 16 V.I.C. § 462 by her then-deceased putative father, Felix Alexander Francis ("Francis"). The Territorial Court granted a motion to dismiss, holding that Tyler could not state a claim upon which relief may be granted because, *inter alia*, § 462 was repealed prior to the date on which she filed her petition. The Appellate Division affirmed. We will reverse and remand.

I.  *Factual and Procedural Background*

A.  The Facts As Alleged by Appellant

Tyler was born on September 28, 1947 to Alice Maria Smith Nielsen, who was legally married to Heinrich Nielsen. Tyler alleges that her natural father was in fact Francis. Tyler first became aware that Francis was her biological father at the age of seven in 1954. Francis acknowledged Tyler as his biological daughter to at least six individuals at different times in his life.

Some of these acknowledgments occurred before his marriage to Beryl Francis, while others were subsequent.[1]

Tyler alleges that she enjoyed an open and loving father/daughter relationship with Francis. She frequently visited Francis's house, and often spent time with Francis and her biological grandmother, Josephine Francis. Francis provided financial assistance to support Tyler, and paid for her primary education. Upon Tyler's graduation from high school, Francis gave her a card containing $500.00. While Tyler attended college, Francis maintained contact and continued to financially support Tyler. Upon her return to St. Croix in 1977, Francis assisted Tyler by getting her an apartment and supporting her financially during her transition. In 1989, Francis deeded a house to Tyler out of love and affection for Tyler and her son.

Francis attended various special events in the life of Tyler's son, Marcus Tyler (his putative grandson). During the final days of his life, Francis promised to make changes to his bank account so that Marcus Tyler would be able to attend college and so that Tyler would not have to struggle financially. Francis died on December 21, 1999.

At funeral services for Francis, his son, Fitzgerald Francis, informed Tyler that his father told him that she was his sister.

B. Procedural Background

Tyler filed a petition for legitimation on or about May 18, 2000 under 16 V.I.C. § 462 in the Territorial Court, seeking a decree that Tyler is the legal daughter of Francis.[2] Louis Armstrong, as

---

[1]Tyler's petition indicates that Francis spoke to some individuals regarding his paternity "before his marriage to Beryl Francis" and "other [individuals] he spoke to subsequent." App. at 20. The petition is ambiguous as to whether Francis spoke to these other individuals after he was married (which would have therefore triggered the spousal consent requirement of 16 V.I.C. § 462, discussed *infra*) or after he was no longer married (because he was a widower, therefore making the spousal consent requirement inapplicable). At least one of the affidavits submitted by Tyler suggests that Francis spoke to this latter category of people after his wife had died. *See* Affidavit of Rev. Kenneth Gaddy C. Ss. R., App. at 48. As we are reviewing the Territorial Court's disposition of a motion to dismiss, we presume that Tyler alleges that Francis spoke to these other individuals after he was no longer married.

[2]Prior to 1998, Section 462 had provided:

> The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby

2

Administrator of the Estate of Felix Francis, filed a motion to dismiss.

The Territorial Court granted the motion to dismiss, noting, *sua sponte*, that § 462 had been repealed in 1998. It further noted that the legislature had simultaneously amended the statute authorizing paternity suits to provide that a father's public acknowledgment of a child "provides evidence of paternity." *See* 16 V.I.C. § 295(a) (the "Paternity Statute").[3] The Territorial Court apparently interpreted this to mean that, after 1998, the Paternity Statute was the exclusive means of accomplishing what Tyler sought to accomplish. Because Tyler was not among the classes authorized to bring an action under the Paternity Statute, the Territorial Court dismissed her petition. *See* 16

---

adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth.

[3]16 V.I.C. § 295(a), as amended in 1998, provides:

The deceased father of a child born out-of-wedlock, by having acknowledged the child as his own, or having received the child into his family and otherwise having treated it as if it were a legitimate child, thereby provides evidence of paternity.

V.I.C. § 293(a).[4]

Tyler appealed the Territorial Court's decision to the Appellate Division of the District Court ("Appellate Division"), and argued that the application of the Paternity Statute to her (as opposed to § 462) brought about a wrongful taking and deprivation of her vested inheritance rights and violated her Due Process rights. The Appellate Division affirmed the Territorial Court on two grounds. First, the Appellate

---

[4]16 V.I.C. § 293(a), in pertinent part, provides:

Proceedings under this chapter may be instituted by (1) any female resident of the Virgin Islands who has delivered an out-of-wedlock child or by (2) any male resident of the Virgin Islands who is alleging to be the father of an out-of-wedlock child, or (3) any legal custodian of an out-of-wedlock child. Proceedings herein can be instituted at any time before a child's eighteenth birthday, including any child for whom a paternity action was previously dismissed under a statute of limitations of less than eighteen (18) years. . . .

The Territorial Court noted that Tyler is over the age of 18 and is not the parent of a minor child, thereby making her not within the classes authorized to bring suit under § 293(a).

3

Division agreed with the Territorial Court that Tyler could not bring an action under § 295 because she was not within the class of persons entitled to bring such an action under § 293(a). Second, the Appellate Division determined that Tyler's argument that § 462 should have been applied to her was "totally without merit" because "[t]he changes made to Title 16 of the Virgin Islands Code in 1998 have no bearing on whatever inheritance rights Tyler may claim to have against the estate of her alleged biological father, Felix A. Francis. Indeed, Tyler's claim of heirship is currently pending in the separate probate proceeding, which is not before us." App. Div. Op. at 5.

Tyler appealed the decision of the Appellate Division to this Court, and again argues, *inter alia*, that the failure to apply § 462 to her resulted in the denial of her right to Due Process and an unjust taking of her vested rights.

## II. *Jurisdiction and Standard of Review*

The Territorial Court had jurisdiction to entertain the Petition under 4 V.I.C. § 76. *See In re Baby Girl Lake*, 33 V.I. 66, *6 (V.I. Terr. Ct. 1995); *In re Williams*, 16 V.I. 529, 530 n.1 (V.I. Terr. Ct. 1979). The Appellate Division had jurisdiction to review a judgment of the Territorial Court under both local law, 4 V.I.C. § 33, and the Revised Organic Act, 48 U.S.C. § 1613a(a). *See Parrott v. Government of Virgin Islands*, 230 F.3d 615, 618 (3d Cir. 2000). We have jurisdiction to review final orders of the Appellate Division under 48 U.S.C. § 1613a(c). *See, e.g., BA*

*Properties Inc. v. Government of U.S. Virgin Islands*, 299 F.3d 207, 210 (3d Cir. 2002); *Parrott,* 230 F.3d at 618; *Government of Virgin Islands v. United Indus. Workers, N.A.*, 169 F.3d 172, 175 (3d Cir. 1999).

In reviewing the Appellate Division's orders, this Court "should review the trial court's determination using the same standard of review applied by the first appellate tribunal." *Semper v. Santos*, 845 F.2d 1233, 1235 (3d Cir. 1988); *Government of Virgin Islands v. Albert*, 241 F.3d 344, 347 n.3 (3d Cir. 2001) (same); *see also Government of Virgin Islands v. Marsham*, 293 F.3d 114, 117 (3d Cir. 2002) ("We review the Appellate Division's statutory interpretation *de novo*."); *BA Properties Inc.*, 299 F.3d at 212 (same).

In reviewing the grant of a motion to dismiss for failure to state a claim, an appellate court's review of the trial court is *de novo*. *See Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). "We accept all well pleaded factual allegations as true and draw all reasonable inferences from such allegations in favor of the complainant." *Id.* (citing *Weston v. Pennsylvania*, 251 F.3d 420, 425 (3d Cir.2001)). "Dismissal for failure to state a claim is appropriate only if it 'appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. *The § 462 Claim*

Prior to 1998, 16 V.I.C. § 462 (entitled "Legitimation by acknowledgment") provided:

> The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth.

*Id.* Section 462 was repealed in 1998. *See* 1998 V.I. Sess. Laws 6228 § 18, at 318 (repealing Title 16, Chapter 15 of the Virgin Islands Code).

Tyler's most serious challenge on appeal is her claim that Francis had satisfied all of the requirements for legitimation under § 462, and Tyler had accordingly been legitimated thereunder, prior to the repeal of § 462.[5] As a result, she insists that she must be "deemed for all purposes legitimate from the time of [her] birth." Intestate distribution is one such

purpose.

The basis for the Appellate Division's disposition of this claim is not altogether clear to us. At one point, it seems to suggest that the 1998 statutory amendments have "no bearing on whatever inheritance rights Tyler may claim to have" and that she may assert those rights in a pending "separate probate proceeding." App. Div. Op. at 5. At the same time, the "Conclusion" of its opinion states that "Tyler lacks the standing to pursue her allegations under the law as it was amended and revised in May, 1998" and it affirms the Territorial Court's order dismissing the Petition without expressly preserving Tyler's right to press her § 462 claim elsewhere. *Id.* The Appellate Division further commented in a footnote that an "illegitimate child's right to share in the . . . estate is governed by 15 V.I.C. § 84(13)." *Id.* at 5 n.3. That section provides:

> An illegitimate child shall be considered to have the same status, for the purpose of the descent and distribution of the property of his or her ancestors, as if he or she were born in lawful wedlock provided that in cases where the ancestor in question is a father, he admitted of record paternity of such child by signing the official birth certificate; or he was adjudged the father of such child by a court of competent jurisdiction; or by written acknowledgment he recognized such child as his.

---

[5]We agree with the Territorial Court that Tyler is not among those listed in 16 V.I.C. § 293(a) as being authorized to bring a paternity suit under 16 V.I.C. § 295. As we explain hereafter, however, 16 V.I.C. § 462, prior to 1998, was an alternative remedy independent of the availability of paternity proceedings under Title 16, Chapter 11 of the Virgin Islands Code.

15 V.I.C. § 84(13).

We conclude that Tyler is entitled to have the merits of her § 462 claim adjudicated by the Territorial Court. Because we are concerned that the presently outstanding judgment might preclude her from doing so, we will reverse and remand for further proceedings consistent with this opinion.

## A. The Virgin Islands Statutory Scheme Prior to 1998

Section 462, on its face, is self-executing. If the putative father acts to acknowledge his paternity in a certain manner, the child is deemed to be legitimate without the necessity of a judicial proceeding. That this literal reading was the intended one is confirmed by the legislative history of § 462 and the Virgin Islands case law.

The Revision Note for § 462 in the Virgin Islands Code indicated that § 462 was based upon § 230 of the Civil Code of California, which has since been repealed. *See* 1975 Cal. Repealed Stat. 1244 § 8, at 3196. The Virgin Islands Territorial Court has recognized this history and has interpreted § 462 by reference to cases interpreting the California statute. *See In re Williams*, 16 V.I. 529, 532-33 (V.I. Terr. Ct. 1979) ("Section 462 is based on and is virtually identical to section 230 of the Civil Code of California. . . . Consequently, the court turns to the cases interpreting the California statute because in the Virgin Islands the language of a Virgin Islands statute which has been taken from the statutes of another

jurisdiction is to be construed to mean what the highest court of the jurisdiction from which it was taken had, prior to its enactment in the Virgin Islands, construed it to mean.") (footnote omitted).

California's Court of Appeal has explained the purpose behind § 230 as follows:

Thus, section 230, in providing that the father of an illegitimate child adopts his offspring by publicly acknowledging it as his own, uses the term "adopts" in the sense of "legitimates" and the effect of the father's act ". . . is to change the *status* and capacity of an illegitimate child to the *status* and capacity of a child born in Lawful wedlock." *In re Navarro*, [175 P.2d 896, 898 (Cal. Dist. Ct. App. 1946)]; *Blythe v. Ayres*, [31 P. 915, 916 (Cal. 1892)].

The purpose of the code section is to permit the father to make reparation to the child by taking it into his home without the publicity which would be incidental to a judicial proceeding of adoption. As stated by the code commissioners, the publicity of a judicial proceeding (see [Cal.] Civil Code, § 221 et seq.) would brand the child with the very stigma from which a repentant father would desire to save it.

*Darwin v. Ganger*, 344 P.2d 353, 358 (Cal. Dist. Ct. App. 1959). According to *Darwin*, California therefore provided for two methods of legitimation: "judicial proceedings" under one section of the

California Civil Code or "a course of conduct" under § 230. *Id.*

The Virgin Islands had a similar legislative scheme. As recognized in *In re Baby Girl Lake*, 33 V.I. 66 (V.I. Terr. Ct. 1995):

> In the Virgin Islands, an illegitimate child can be legitimized in four ways: by public acknowledgment of the child by the father (V.I. Code Ann. tit. 16, § 462 (1964)); by the father signing a notarized affidavit acknowledging paternity (V.I. Code Ann. tit. 19, § 832 (1976)); by a court order establishing paternity upon the petition of the mother or the father (V.I. Code Ann. tit. 16, §§ 291-303 (1964 & Supp. 1995)); or by the marriage of the parents (V.I. Code Ann. tit. 16, § 461 (1964)).

*Id.* at *6-*7.

In 1998, the Virgin Islands legislature repealed 16 V.I.C. §§ 461, 462. *See* 1998 V.I. Sess. Laws 6228 § 18, at 318. But the very scheme discussed in *Darwin*, whereby an individual could be legitimated through judicial paternity proceedings or through a course of conduct by the putative father (saving both the parent and child from the publicity of a judicial proceeding) was present in the Virgin Islands with respect to 16 V.I.C. §§ 291-303 and 16 V.I.C. § 462, respectively, before the 1998 changes by the Virgin Islands legislature.

*Darwin* therefore suggests that it was no accident that California's § 230 (or the Virgin Islands's § 462) made no mention of judicial proceedings being necessary to procure any right under that statute. Section 462 provided a means by which a child will be "deemed for all purposes legitimate from the time of its birth" once a certain course of conduct had been met by the putative father.

We think it clear that if § 462 had not been repealed and Tyler were able to establish that Francis acknowledged her in the required manner, she would be deemed his legitimate child and would participate as such in the distribution of intestate assets under 15 V.I.C. § 84.

Contrary to the suggestion of the Territorial Court, the Paternity Statute would not have foreclosed Tyler because § 462 and paternity proceedings under Title 16, Chapter 11 of the Virgin Islands Code were alternative remedies prior to 1998.

Contrary to the suggestion of the Appellate Division, 15 V.I.C. § 84(13) would not have foreclosed Tyler because that subsection applies only to an "illegitimate child." Other portions of § 84 prescribe the inheritance rights of legitimate children, including a child who must be "deemed for all purposes legitimate" under § 462. As the California Supreme Court has explained with respect to their analogous statute, § 230, and a California probate statute providing for distribution to illegitimates, "the two sections provide alternate methods by which a person may become the heir of his father." *In re Garcia's Estate*, 210 P.2d

841, 842 (Ca. 1949). "A child who is 'deemed for all purposes legitimate' cannot be regarded as still illegitimate for some purposes, and a child who has become legitimate can no longer be regarded as an 'illegitimate child.'" *Id.*

The independence of § 462 from the paternity proceedings authorized by § 295 and referenced in § 84(13) is reflected in the Virgin Islands case law. While § 462 was self-executing and legitimation thereunder came solely as a result of the conduct of the father, the Virgin Islands courts found implicit authority in that section for judicial proceedings seeking a declaration that legitimation had indeed occurred. Such proceedings were regarded by the Virgin Islands courts, however, to be a remedy distinct from paternity proceedings. In *In re Estate of Moolenaar*, 24 V.I. 234 (V.I. Terr. Ct. 1989), for example, the petitioner sought to share in the intestate distribution of her putative father's assets. She asked that the court adjudicate the paternity of her putative father so that she might share under § 84(13) and, alternatively, that the estate administrator be ordered to acknowledge her earlier legitimation under § 462. The court read § 84(13) and the then-current paternity statute as depriving it of jurisdiction to adjudicate the paternity of a putative father after his death. This conclusion did not, however, dispose of the petitioner's § 462 claim, which the court disposed of on its merits:

> A careful analysis of § 462 indicates that for "legitimation by acknowledgment," as this section is

headed, to take place, or for legitimation from the time of birth of the child to take place, as stated in the body of the section, the decedent, during his lifetime, must have acknowledged said child as his own by doing all of three things: (a) he must have publicly acknowledged it as his natural child; (b) he must have received it as his natural child, with the consent of his wife, if married, into his family; and (c) he must have otherwise treated claimant as if claimant was a legitimate child.

> \* \* \*

> By the most liberal construction of these grounds, individually or as a whole, the Court can find no factual basis for a finding that decedent received claimant as his natural child, with the consent of his wife, into his family.

*Moolenaar*, 24 V.I. at 242.

## B. The Effect of the Repeal of § 462 in 1998

We now turn to the issue of whether, assuming Tyler could establish that the requirements of § 462 were met prior to 1998, the repeal of that statute rendered her illegitimate again. We conclude that it did not.

Section 50(a) of Title I of the Virgin Islands Code provides:

> The repeal of any Act, part of any Act, or provision of this Code does not release or extinguish any right

acquired, or penalty, forfeiture, or liability incurred, under the Act, part, or provision, and existing at the time of the repeal, unless the repealing Act expressly so provides, and the Act, part, or provision shall be treated as still remaining in force for the purpose of sustaining any proper action or proceeding for the enforcement of the right, penalty, forfeiture, or liability.

The Act of the Virgin Islands Legislature repealing § 462 does not expressly provide that the rights of children previously legitimated by their father pursuant to that section are to be released or extinguished. It follows, we conclude, that if Tyler can satisfy the Territorial Court that the requirements of § 462 were met prior to the repeal of that statute in 1998, she must be deemed to be a legitimate child for all purposes including the intestate distribution provisions of 15 V.I.C. § 84. We, of course, express no opinion as to whether Tyler will be able to make such a showing.

## IV. *Alternate Grounds for Affirmance*

Armstrong asks us to affirm on two alternate grounds, neither of which is persuasive. Armstrong argues that Tyler never qualified for legitimation under § 462 as a matter of law ostensibly because of that statute's requirement that the putative father have received the child "with the consent of his wife, if he is married." Armstrong argues that Appellant's petition reveals no allegation that Francis received Appellant as his natural child into his family, with the consent of his wife, during Tyler's lifetime. However, Appellant's petition in fact alleges that Francis acknowledged his paternity to some "before his marriage" and to others "subsequent" thereto. App. at 20. It is true, as Appellee suggests, that *In re Estate of Moolenaar*, 24 VI 234, 243 (V.I. Terr. Ct. 1989), indicated that separation between a putative father and his spouse would not waive the "consent of his wife" requirement of § 462. But even accepting that principle, Tyler has alleged that Francis acknowledged his paternity before he was married and after his wife had died. At this stage, that is sufficient.

Armstrong further argues that Virgin Islands law does not permit Tyler to bring a legitimation action under § 462 after the death of her putative father. Armstrong's only support for this proposition is *In re Estate of Moolenaar*, 24 V.I. 234 (V.I. Terr. Ct. 1989). As we have indicated, however, *Moolenaar* confined its discussion of the posthumous availability of relief under § 84(13) to that section based on the statutory text of that section, and specifically went on to consider the merits of an illegitimate child's claim under § 462 after the death of the child's putative father. *See id.* at 241-43; *see also In re Baby Girl Lake*, 33 V.I. 66, *8-*11 (V.I. Terr. Ct. 1995) (considering on the merits a claim of *legitimation* under § 462 after the death of the putative father while recognizing in another part of the opinion *Moolenaar*'s requirement that *paternity* be adjudicated prior to the putative father's

death). Citing *Baby Girl Lake* and *Moolenaar*, the Territorial Court in this case recognized that the Virgin Islands has allowed § 462 actions to be brought after a putative father's death, and we see no basis for disturbing that conclusion.[6]

## V. *Conclusion*

For the foregoing reasons, we will reverse the judgment of the Appellate Division and remand with instructions to return this matter to the Territorial Court. The Territorial Court will adjudicate Tyler's 16 V.I.C. § 462 claim in this proceeding, in the pending probate proceeding, or in a proceeding that consolidates both of those proceedings.

---

[6]Possibly seeking to suggest an additional alternate ground for affirmance, Armstrong suggests in his brief that Tyler "had already been adjudged the legal heir/daughter to Heinrich Nielsen for purposes of descent and distribution." Appellee's Brief at 33. We decline to address and express no opinion with respect to any estoppel argument suggesting that Tyler is precluded from bringing a legitimation action because of any proceedings with respect to Heinrich Nielsen's estate. The issue has not been adequately briefed and will therefore not be considered as a possible alternate ground for affirmance.