

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2008

# Government of the Vi v. Hewitt Pereira

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1719

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Government of the Vi v. Hewitt Pereira" (2008). *2008 Decisions*. Paper 113.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/113

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1719
_____

GOVERNMENT OF THE VIRGIN ISLANDS,

v.

HEWITT PEREIRA,

Appellant.

_____

On Appeal from the District Court
of the Virgin Islands - Appellate Division
(D.C. No. 03-cr-035-001)
District Judges: Raymond L. Finch and Curtis V. Gomez
Superior Court Judge:  Audrey L. Thomas
_____

Submitted Under Third Circuit LAR 34.1(a)
December 9, 2008

Before:  FISHER, JORDAN and STAPLETON, *Circuit Judges*,

(Filed: December 12, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Hewitt Pereira appeals the decision of the Appellate Division of the District Court of the Virgin Islands affirming his conviction for assault in the first degree and possession of a dangerous weapon during the commission of a crime of violence. On appeal, Pereira contests the sufficiency of the evidence against him, argues that the government did not initiate the criminal charges against him until after the statute of limitations had run, and asserts that the government's delay in filing the charging information violated his due process rights. Because we find that there was sufficient evidence to convict Pereira, that the information charging him was filed within the statute of limitations, and that the government's delay in filing the information did not violate his due process rights, we will affirm.

I.    **Background**

On August 13, 1999, Granville Freeman was shot multiple times by two armed assailants. Three years later to the day, the Government of the Virgin Islands filed an information based on the shooting, charging Hewitt Pereira with assault in the first degree, two counts of possession of a deadly weapon during the commission of a crime of violence, and two counts of unauthorized possession of a firearm. The information was accompanied by an affidavit prepared by Detective Richard Matthews but signed by Sergeant Stephen Brown.

2

At trial in the Superior Court of the Virgin Islands, Freeman testified that he and his then girlfriend, now wife, Raytricia Bermudez Freeman ("Bermudez") were approached from behind by Pereira and an accomplice named Aswad Moe. Moe's face was fully visible but Pereira's was obscured by a nylon stocking pulled over it. Both men had hand guns. Moe shot Freeman twice in the back and twice in the leg, while Pereira held his gun to Bermudez's head. Then Pereira shot Freeman twice in the side before fleeing with Moe.

Freeman testified that, despite the stocking mask, he could identify Pereira as the second assailant. He explained that he had known Pereira since seventh grade, was very familiar with him because they were long-time enemies, and recognized him from his body type and the braids in his hair. In addition, Freeman indicated that he had seen Pereira and Moe together in a car shortly before the shooting.

Bermudez also took the stand. She identified Moe as one of the shooters but could not identify the second shooter because his face was covered by the stocking mask. She did testify, however, that the second shooter was the same height and had the same build, skin color, and complexion as Pereira.

At the conclusion of the trial, a jury convicted Pereira of one count of assault in the first degree in violation of 14 V.I.C. §§ 295(1) and 11, and one count of possession of a dangerous weapon during a crime of violence, in violation of 14 V.I.C. § 2251(a)(2). He

3

was sentenced to ten years imprisonment on the assault charge and three years imprisonment on the possession charge, with the sentences to be served consecutively.

Pereira appealed his conviction to the District Court of the Virgin Islands, Appellate Division[1] and raised three issues. First, he argued that there was insufficient evidence to convict him because neither Freeman nor Bermudez saw the second assailant's face. The Appellate Division reviewed the evidence presented at trial and concluded that the testimony of Freeman and Bermudez provided sufficient evidence for a reasonable juror to conclude that Pereira was the second assailant.

Second, Pereira argued that, because the affidavit submitted with the information was invalid, the government did not initiate the criminal proceedings within the statute of limitations. Pereira raised that argument for the first time on appeal, and the Appellate Division thus considered it under the plain-error standard. It determined that, under Virgin Islands law, the government is not required to file a probable cause affidavit with an information and that Pereira had not demonstrated that the information filed was otherwise insufficient.

---

[1] At the time of the appeal, the Appellate Division had appellate jurisdiction over the Superior Court judgment pursuant to 48 U.S.C. § 1613a(a). If a Superior Court case such as this were appealed today, it would proceed to the Supreme Court of the Virgin Islands for appellate review. 4 V.I.C. § 32.

Finally, Pereira argued that the government's pre-accusation delay violated his due process rights.[2] The Appellate Division noted that Pereira had not shown that he suffered actual prejudice or that the government intentionally delayed filing the information to gain a tactical advantage. The Court, therefore, rejected that argument. Having addressed each of Pereira's arguments, the Appellate Division affirmed his conviction.

Pereira filed a timely notice of appeal and now challenges the Appellate Division's decision to affirm his conviction.

## II. Discussion

We determine whether the Appellate Division erred by conducting an independent review of the Superior Court's decision. *See Semper v. Santos*, 845 F.2d 1233, 1235-36 (3d Cir. 1988) ("[I]t is only through an independent review of the trial court's findings that the second appellate court can determine whether the first appellate court erred in its review."). We review the Superior Court's decision using the same standard of review applied by the Appellate Division. *Tyler v. Armstrong*, 365 F.3d 204, 208 (3d Cir. 2004). In other words, we exercise plenary review over the Superior Court's legal determinations

---

[2]The Due Process Clause of the Fifth Amendment is expressly made applicable to the Virgin Islands by the 1968 Amendments to the Revised Organic Act. 48 U.S.C. § 1561 ("The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent that they have the same force and effect there as in the United States or in any State of the United States ... the first to ninth amendments inclusive... ."); *see generally United States v. Hyde*, 37 F.3d 116, 123 (3d Cir.1994).

5

and review its findings of fact for clear error. *Government of Virgin Islands v. Fahie*, 419 F.3d 249, 252 (3d Cir. 2005).

On appeal to this Court, Pereira makes the same arguments he made before the Appellate Division. First, he claims that there was insufficient evidence for a rational jury to find him guilty beyond a reasonable doubt. Second, he maintains that the criminal proceedings against him were initiated after the statute of limitations had run. And finally, he asserts that the government's delay in filing the information violated his due process rights.

### A. Sufficiency of the Evidence

Pereira argues that, because the second assailant was wearing a stocking mask and neither witness saw the second assailant's face, there was insufficient evidence for a rational juror to conclude beyond a reasonable doubt that he was the second assailant.

We review sufficiency of the evidence under a highly deferential standard. *See United States v. Hart*, 273 F.3d 363, 371 (3d Cir. 2001). Under this standard, we examine whether the evidence submitted at trial, when viewed in the light most favorable to the government, would allow a rational trier of fact to convict the defendant. *Id*. (citing *United States v. Helbling*, 209 F.3d 226, 238 (3d Cir.2000), cert. denied, 531 U.S. 1100, 121 S.Ct. 833, 148 L.Ed.2d 715 (2001); *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987)).

6

To recap the evidence, Freeman at trial testified that, despite the stocking mask, he recognized Pereira as one of his assailants. He stated that he was very familiar with Pereira, having been enemies with him since seventh grade, and recognized him from his body type and braids. As Freeman explained it, "I mean, is like having your best friend, you know. You know everything about your best friend. Same way about someone you know that don't like you is your enemy, you know everything about them. You know what he looks like, how he walks, how he talks." (JA at 192.) In addition, Freeman swore that he saw Pereira and Moe together in a gray Honda Civic the evening of the shooting. Specifically, he testified: "On the way back, I noticed a Honda Civic, a gray Honda Civic that Aswad Moe and Hewitt Pereira or whoever else was in there used to come through Harbor View looking for me." (JA at 179.) Bermudez also took the stand and testified that the assailant wearing the stocking mask was the same height and weight and had the same build, complexion, and skin color as Pereira.

Viewed in the light most favorable to the Government, this evidence is sufficient to allow a rational trier of fact to convict Pereira.

B.    *Statute of Limitations*

Pereira argues that because the information was filed with an invalid affidavit, it did not take effect within the statute of limitations period and should have been dismissed. As the Appellate Division noted, Pereira did not raise that issue at the trial level. For an

7

appellate court to correct an error not raised at trial, the error must be plain and must affect substantial rights. *United States v. Olano*, 507 U.S. 725, 732-34 (1993).

Pereira's argument is based on a misunderstanding of the law. Under neither the Federal Rules of Criminal Procedure[3] nor the Rules for the Superior Court of the Virgin Islands, is the government required to submit a probable cause affidavit with an information.[4] Because the affidavit was not required, its defects did not keep the

---

[3]*See* Fed. R. Crim. P. 7(c)(1) (stating required contents of an indictment or information).

[4] Virgin Islands Superior Court Rules 121(a) and 123(a)(5) govern the filing of criminal complaints. Neither rule requires the government to file a probable cause affidavit with a complaint.

V.I. Super. Ct. R. 121(a) states:

(a) Form of Complaint. The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before the judge or the clerk of the court, or the Attorney General of the Virgin Islands or such Assistant Attorney General as the Attorney General shall authorize in writing, as well as any complaint clerk in the office of the Attorney General of the Virgin Islands.

V.I. Super. Ct. R. 123(a)(5) states:

(a)(5) Filing of Complaint. The Attorney General shall prepare a complaint form to be completed and filed with the Court prior to the Initial Appearance. The complaint shall recite the charge, the applicable statutory citation, and shall otherwise comply with the requirements of Superior Court Rule 121. It shall be sworn to prior to commencement of the Initial Appearance Hearing, and copies made available to all interested parties.

We note that Pereira does not contend that the charging document itself was unsworn, but rather that the officer who signed the affidavit could not properly have sworn to the affidavit.

information from validly initiating criminal proceedings against Pereira within the statute of limitations. This is not to say that the government does not have to prove probable cause; it simply is not required to do so at the filing of a charging information. The Superior Court did not commit plain error and the Appellate Division correctly rejected Pereira's statute of limitations argument.

C. *Pre-Accusation Delay*

Pereira alleges that the Government's delay violated his due process rights because by the time the information was filed he could no longer remember where he was on the night of the shooting and was unable to find witnesses to support his alibi defense.

To prevail on a due process claim based on the government's delay in filing an information, a defendant must prove both that the government intentionally delayed filing charges to gain a tactical advantage and that he was actually prejudiced by the delay. *United States v. Gouveia*, 467 U.S. 180, 192, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984); *United States v. Marion*, 404 U.S. 307, 325-26, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Pereira has not provided any evidence to substantiate his allegation that the government intentionally delayed filing the information to gain a tactical advantage. In an attempt to satisfy the second prong of the test, the "actual prejudice" requirement, Pereira claims that he suffered actual prejudice because he does not remember where he was on the night of the shooting and was unable to obtain witnesses to support an alibi defense. However, we have explained that "contentions that the memories of witnesses [have] faded as a result of

9

the delay fall[] short of the requisite showing of actual prejudice." *United States v. Sebetich*, 776 F.2d 412, 430 (3d Cir. 1985) (citing *Marion*, 404 U.S. at 325-26). Hence, Pereira's alleged memory lapse is insufficient to establish actual prejudice.

As Pereira has failed to establish either intent or prejudice, the Appellate Division correctly concluded that the government's delay did not violate his due process rights.

## III. Conclusion

The Appellate Division correctly analyzed and rejected Pereira's arguments, and we will affirm its decision.