[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12094
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-00006-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM D. JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 18, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

William Jones appeals his convictions for conspiracy to possess methamphetamine with intent to distribute, possession of a firearm by a convicted felon, and possession of methamphetamine with intent to distribute. On appeal, he argues that the district court erred by denying his motion to dismiss the indictment, because the delay before trial violated his right to due process and his right to a speedy trial under the Sixth Amendment. After careful review, we affirm.

Whether the government deprived a defendant of his constitutional right to a speedy trial is a mixed question of law and fact. United States v. Villarreal, 613 F.3d 1344, 1349 (11th Cir. 2010). We thus review the district court's legal conclusions de novo and its factual findings for clear error. Id. We review a district court's denial of a motion to dismiss an indictment for abuse of discretion. United States v. Wetherald, 636 F.3d 1315, 1320 (11th Cir. 2011). However, the doctrine of invited error is implicated when a party induces or invites the district court into making an error. United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009); United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005) (holding that invited error precludes reversing even under the plain error rule). A defendant can invite error by, for example, introducing otherwise inadmissible evidence at trial or by submitting an incorrect jury instruction to the district judge which is then given to the jury. United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998). "Generally, an appellate court will not review an error invited by a

2

defendant, on the rationale that the defendant should not benefit from introducing error at trial with the intention of creating grounds for reversal on appeal." Id.

First, we reject Jones's argument that the district court erred by denying his claim that pre-trial delay violated his right to a speedy trial under the Sixth Amendment. The record reveals that Jones agreed with the district court at the pretrial hearing that he was not prejudiced by any post-indictment delay, since his speedy-trial claim was based on the death of a witness who died before he was indicted. In so doing, Jones confirmed that his speedy-trial claim only involved pre-indictment delay. However, "[t]he speedy trial guarantee of the [S]ixth [A]mendment does not apply to pre[-]indictment delay." United States v. Lindstrom, 698 F.2d 1154, 1157 (11th Cir. 1983). As this record shows, Jones invited the district court to not review his claim based on post-indictment delay -- the only delay protected by the Sixth Amendment. Because Jones invited this error, we will not review his Sixth Amendment claim on appeal.

We are also unpersuaded by Jones's argument that the district court erred by dismissing his claim that the delay before trial violated his right to due process. The Due Process Clause of the Fifth Amendment requires dismissal of an indictment if the defendant can show that pre-indictment delay (1) caused actual prejudice to the conduct of his defense, and (2) was the product of deliberate action by the government designed to gain a tactical advantage. United States v. LeQuire,

3

943 F.2d 1554, 1560 (11th Cir. 1991). Prejudice based on a loss of evidence requires that the loss impair the defendant's ability to provide a meaningful defense. United States v. Solomon, 686 F.2d 863, 872 (11th Cir. 1982). The death of a witness may be enough to show actual prejudice if the defendant also shows that the lost evidence could not be obtained any other way. United States v. Corbin, 734 F.2d 643, 648 (11th Cir. 1984).

In this case, Jones has not alleged that the government deliberately sought a tactical advantage by delaying the indictment. LeQuire, 943 F.2d at 1560. At most, Jones claims that the delay -- combined with the prejudice to him caused by two witnesses not testifying due to the delay -- gave the government a tactical advantage. However, simply gaining a tactical advantage is not enough. See id. As we've said, the tactical advantage must be the result of deliberate action by the government toward that end. Id. Because Jones has not demonstrated that the pre-indictment delay was the product of deliberate action by the government to achieve a tactical advantage, he is not entitled to relief. Id. Therefore, we affirm the district court's denial of Jones's motion to dismiss the indictment.

**AFFIRMED**.