# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) CASE NO. ST-2019-CR-00216 | |
| | ) | |
| Plaintiff, | ) 14 V.I.C. §§ 921, 922(a)(1), 11(a) | |
| vs. | ) 14 V.I.C. §§ 921, 922(b), 11(a) | |
| | ) | |
| **JACQUES CAJUSTE,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) CASE NO. ST-2019-CR-00217 | |
| | ) | |
| Plaintiff, | ) 14 V.I.C. §§ 921, 922(a)(1), 11(a) | |
| vs. | ) 14 V.I.C. §§ 921, 922(b), 11(a) | |
| | ) 14 V.I.C. § 551(1) | |
| **VIVIANE STUART a/k/a VIVIANE AIS,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Cite as: 2022 VI Super 62U

## MEMORANDUM OPINION AND ORDER

Pending before the Court are:

1. Defendant Jacques Cajuste's Motion to Dismiss Counts One and Seven of the Information ("Motion to Dismiss"), which was filed on January 10, 2020;

2. Response to Defendant Cajuste's Motion to Dismiss Counts One through Six and Eight of the Information and Motion to Dismiss Counts One and Seven of the Information[1] ("People's Response"), which was filed on February 14, 2020; and

3. Defendant Jacques Cajuste's Reply to the People's Response to His Motion to Dismiss Counts One and Seven of the Information ("Defendant's Reply"), which was filed on April 17, 2020.

---

[1] Unfortunately, the People combined into a single pleading their response to two separate Motions filed by Cajuste. While the title implies that Counts One through Six and Eight of the Information should be dismissed, the Court issued a Memorandum Opinion and Order on December 30, 2020 that dismissed Counts Two through Six and Eight of the Information with prejudice because they were barred by the statute of limitations. In addition to addressing Defendant's Motion to Dismiss Counts Two through Six and Eight of the Information, the People's Response addresses the Defendant's instant Motion regarding Counts One and Seven of the Information.

*People of the Virgin Islands v. Jacques Cajuste*                                    2022 VI Super 62U
**Case No. ST-2019-CR-00216**
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
**Case No. ST-2019-CR-00217**
**Memorandum Opinion and Order**
**Page 2**

## I.     BACKGROUND

¶1     This case arises from the murder of Egbert Stuart ("Egbert"), which occurred sometime during the night of June 21 and the early morning hours of June 22, 2005. At the time of his death, Stuart was married to co-Defendant Viviane Stuart ("Stuart").

¶2     On March 4, 2015, the homicide of Egbert was assigned to the Cold Case Squad for follow-up investigation.  On April 2, 2019, Detective Sergeant Mario Stout, supervisor of the Major Crimes Unit of the Virgin Islands Police Department ("VIPD"), was assigned as a case agent in the investigation of Egbert's murder.  Previously, on June 30, 2005, co-Defendant Jacques Cajuste ("Cajuste") was interviewed and stated that he and Stuart were co-workers involved in a sexual relationship.  Sometime at the end of July or during August 2005, Cajuste moved to Pottstown, Pennsylvania.  In June and August of 2006, witnesses were interviewed about the murder of Egbert.  Almost ten years later, DNA analysis concluded that Cajuste was a "major contributor of DNA found in the hallway and west bedroom of the home in which [Egbert] was killed."[2]

¶3     On August 31, 2016, warrants were issued by this Court for the arrest of Viviane Stuart and Jacques Cajuste. Subsequently, Cajuste was arrested in October of 2016. In connection with Case Nos. ST-2016-CR-00328 and ST-2016-CR-296, respectively, before this Court, both Cajuste and Stuart were charged with participating in the death of Egbert, who died from multiple stab wounds. On the eve of trial, the People moved to dismiss both cases after their motion to continue the trial was denied.

¶4     On September 25, 2019, the People filed an Information charging Cajuste with: (1) First Degree Murder in violation of 14 V.I.C. §§ 921, 922(a)(1) and 14 V.I.C. § 11(a); (2) Using a Dangerous Weapon During the Commission of a First Degree Murder in violation of 14 V.I.C. 2251(a)(2)(B) and 14 V.I.C. § 11(a); (3) First Degree Assault in violation of 14 V.I.C. § 295(1) and 14 V.I.C. § 11(a); (4) Using a Dangerous Weapon During the Commission of a First Degree Assault in violation of 14 V.I.C. §§2251(a)(2)(B) and 14 V.I.C. § 11(a); (5) Third Degree Assault-Aiding and Abetting in violation of 14 V.I.C. § 297(a)(2) and 14 V.I.C. § 11(a); (6) Using a Dangerous Weapon During the Commission of a Third Degree Assault-Aiding and Abetting in violation of 14 V.I.C. 2251(a)(2)(B) and 14 V.I.C. § 11(a); (7) Second Degree Murder-Aiding and Abetting in violation of 14 V.I.C. §§ 921, 922(b) and 14 V.I.C. § 11(a); and (8) Using a Dangerous Weapon During the Commission of a Second Degree Murder – Aiding and Abetting in violation of 14 V.I.C. 2251(a)(2)(B) and 14 V.I.C. § 11(a).

¶5     On December 30, 2019, Cajuste filed a Motion to Dismiss the Information as to Counts Two through Six and Eight pursuant to Virgin Islands Rules of Criminal Procedure 12(b)(3). On December 30, 2020, the Court found that Counts Two Through Six and Eight of the Information were barred by the statute of limitations and accordingly dismissed them with prejudice.

---

[2]  Stout Aff. ¶ 64.

*People of the Virgin Islands v. Jacques Cajuste*
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
Memorandum Opinion and Order
Page 3

2022 VI Super 62U

¶6      On January 10, 2020, Cajuste filed the instant Motion to Dismiss Counts One and Seven of the Information pursuant to Virgin Islands Rules of Criminal Procedure 12(b)(3). The Motion alleges that a "fourteen-year delay in bringing these charges violate Mr. Cajuste's due process rights under the Fourteenth Amendment to the United States Constitution and Section 3 of the Revised Organic Act of the Virgin Islands of 1954."[3]

## II.      LEGAL STANDARDS

¶7      Cajuste submits his Motion to Dismiss arguments pursuant to V.I. R. CRIM. P. 12(b)(3)(A)(ii), Section 3 of the Revised Organic Act, and the Fourteenth Amendment of the United States Constitution.

¶8      V.I. R. CRIM. P. 12(b)(3) provides, in pertinent part, that the following must be raised before trial:

> (A) a motion alleging a defect in instituting the prosecution, including:
> (ii) pre-information delay
>
>                    . . .
> (B) a motion alleging a defect in the information, such as:
> (i) joining two or more offenses in the same count (duplicity);
> (ii) charging the same offense in more than one count (multiplicity).

### A. Rights to Procedural Due Process

¶9      The Fifth and Fourteenth Amendments to the U.S. Constitution prohibit the government from depriving an inmate of life, liberty, or property without due process of law.[4] A defendant's rights to procedural due process are applicable to the Virgin Islands through Section 3 of the Revised Organic Act: "No law shall be enacted in the Virgin Islands which shall deprive any person of life, liberty, or property without due process of law or deny to any person therein equal protection of the laws."[5] Due process rights consist of procedural and substantive components. "A violation of procedural due process requires (1) that the state has interfered with the inmate's protected liberty or property interest, and (2) that procedural safeguards were constitutionally insufficient to protect against unjustified deprivation."[6] Courts will afford due process protections to state-created interests and then use a three factor balancing test to determine what procedural safeguard is required by said interest:

---

[3] Def. Jacques Cajuste's Mot. to Dismiss Counts One and Seven of the Info. 1.

[4] U.S. CONST., amend. V, XIV.

[5] *Carty v. People of the Virgin Islands*, 56 V.I. 345, 364 (V.I. 2012).

[6] 42 GEO. L.J. ANN. REV. CRIM. PROC. at 1075 (2013) (referencing *Wilkinson*, 545 U.S. at 222-23; and *Ky. Dep't of Corr. V. Thompson*, 490 U.S. 454, 460 (1989).

*People of the Virgin Islands v. Jacques Cajuste*  2022 VI Super 62U
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
Memorandum Opinion and Order
Page 4

(1) the importance of the private interest affected, (2) the importance of the governmental interests affected (including the fiscal and administrative costs of the additional procedural requirements), and (3) the potential value of the additional procedural requirements (including any reduction in the risk of erroneous deprivations under current procedures).[7]

¶10    Procedural due process "is flexible and calls for such procedural protections as the particular situation demands."[8] Generally, "[t]he primary components of procedural due process are notice and the right to be heard."[9] Courts have found it to be self-evident "that the degree of procedural protection required by the Due Process Clause is proportional to the extent of the deprivation."[10]

## B.  Safeguards Against Preaccusation Delay

¶11    Both the Fifth and Sixth Amendment strive to protect an individual's ability to defend himself against charges brought by the state, whether pre- or post- information. In addition to prohibiting the deprivation of life, liberty, or property without due process of law, the Virgin Islands Bill of Rights contains parallel provisions that afford defendants the right to a speedy trial through Section 3 of the Revised Organic Act.[11] Although the federal statutes of limitations is the primary form of protection from intentional and prejudicial preaccusation delay, it "does not fully define [defendants'] rights with respect to the events occurring prior to indictment...and that the Due Process Clause has a limited role to play in protecting against oppressive delay."[12] Among the federal courts of appeals, there is a circuit split regarding the proper standard for evaluating a pre-indictment due process claim.[13]

¶12    In *United States v. Marion*, the United States Supreme Court first held that the Fifth Amendment Due Process clause may be violated when the government delays too long in bringing charges against a defendant.[14] Whereas, the Sixth Amendment protects "the rights of the defendant which may be hampered by undue and oppressive incarceration prior to trial ... and the possibility that a long delay will impair the ability of an accused to present a defense."[15] The right to a speedy

---

[7] *Id.* (referencing *Wash. V. Harper*, 494 U.S. 210, 229 (1990)).

[8] *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)(quoting *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)).

[9] *Gumbs v. Schneider Reg'l Med. Ctr.*, 73 V.I. 358, 386 (Super. Ct. 2020) (citing *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972)).

[10] *Browne v. Gore*, No. SX-10-CV-155, 2011 V.I. LEXIS 73, at *19 (Super. Ct. Feb. 18, 2011) (citing *Cinea v. Certo*, 84 F.3d 117, 121 (3d Cir. 1996)).

[11] U.S. CONST., amend. V-VI; and *See Carty v. People of the Virgin Islands*, 56 V.I. 345, 364 (V.I. 2012).

[12] *Lovasco*, 431 U.S. 783, 789 (1977) (quoting *United States v. Marion*, 404 U.S. 307, 324 (1971)).

[13] Michael J. Cleary, *Pre-Indictment Delay: Establishing A Fairer Approach Based on United States v. Marion and* United States v. Lovasco, 78 TEMP. L. REV. 1049, 1059 (2005).

[14] *United States v. Marion*, 404 U.S. 307 (1971).

[15] *Francis*, 63 V.I. at 743-744.

*People of the Virgin Islands v. Jacques Cajuste*
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
Memorandum Opinion and Order
Page 5

2022 VI Super 62U

trial attaches at the time of an arrest or formal charge.[16] Importantly noted by the Supreme Court, prejudice due to a pre-indictment delay does not factor into a Sixth Amendment speedy trial analysis, and vice versa.[17]

¶13    In *Marion*, "[t]he Supreme Court established that the dismissal of an indictment may be required 'if it were shown at trial that the pre-indictment delay in [the] case caused substantial prejudice to [a defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.'"[18] In that case, the Supreme Court found that there was insufficient evidence to support a constitutional due process claim based on a thirty-eight month pre-charging delay because the defendant failed to show actual prejudice to their defense, nor presented any evidence that the government intentionally delayed its actions to gain a tactical advantage.[19] The Court established that a "defendant must prove something more than general prejudice, such as a risk of lost evidence or faded memories."[20]

¶14    The Supreme Court revisited the issue in *United States v. Lovasco*. The Court held that "pre-indictment delay rises to the level of a constitutional violation when the defendant can show substantial prejudice caused either by the government's intentional delay in bringing the case to gain a tactical advantage or by its 'reckless disregard of circumstances, known to the prosecution.'"[21] In that case, Respondent testified that he had lost the testimony of two material witnesses due to a delay to establish prejudice to the defense.[22] The Court found that because the delay was caused by the "government's efforts to identify persons in addition to respondent who may have participated in the offences", it would not be fundamentally unfair to compel the respondent to stand trial.[23] However, the Court conceded that it "could not determine in the abstract the circumstances in which preaccusation delay would require dismissing prosecutions."[24]

¶15    *Lovasco* also clarified the role that the due process clause plays in establishing safeguards against preaccusation delays. In part, the Supreme Court noted that the statute of limitations is "the primary guarantee against bringing overly stale criminal charges,"[25] but "does not fully define [defendants'] rights with respect to the events occurring prior to indictment...and that the Due Process Clause has a limited role to play in protecting against oppressive delay."[26] The Court further explained that "as far as the Speedy Trial Clause of the Sixth Amendment is concerned,

---

[16] *Rivera v. People of the V.I.*, 64 V.I. 540, 582 (2016)

[17] *Rivera*, 64 V.I. 540, 575 (2016) *(referencing United States v. Jones*, 592 Fed. Appx. 920, 921 (11th Cir. 2015) (holding the death of a witness that occurred *before* defendant's indictment is not implicated in a post-indictment speedy trial analysis but should only be considered when discussing pre-indictment delay.)

[18] *Id.* at 571 (2016) (quoting *Marion*, 404 U.S. at 324).

[19] *Marion*, 404 U.S. at 325-26.

[20] *Id.*

[21] *Rivera*, 64 V.I. 540, 571 (2016) (quoting *United States. v. Lovasco*, 431 U.S. at 795 n.17).

[22] *Id.* at 785.

[23] *Id.* at 796.

[24] *Id.* at 797.

[25] *Id.* at 789 (quoting *Marion*, 404 U.S. 307, 320 (1971)).

[26] *Lovasco*, 431 U.S. 783, 789 (1977) (quoting *Marion*, 404 U.S. 307, 324 (1971)).

*People of the Virgin Islands v. Jacques Cajuste*                                           2022 VI Super 62U
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
**Memorandum Opinion and Order**
**Page 6**

such delay is wholly irrelevant, since [the] analysis of the language, history, and purposes of the Clause persuaded us that only 'a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge… engage the particular protections' of that provision."[27]

¶16     *Marion* and *Lovasco* created varying standards for evaluating whether a pre-indictment delay violated a defendant's Fifth Amendment due process rights.

> The majority of the circuits place the burden on the defendant to satisfy a two-pronged test by proving: (1) actual prejudice as a result of the delay, and (2) intentional delay by the government in an attempt to win tactical advantage in the defendant's prosecution. The minority approach uses a balancing test, where once the defendant proves actual and substantial prejudice, the burden shifts to the government to provide a reason for the delay.[28]

¶ 17     "Few Virgin Islands cases — and only those in the federal system — have ever addressed whether a defendant's due process rights have been violated by pre-indictment delay."[29] In *United States v. Gross,* the District Court of the Virgin Islands required "the government to justify the delay once the defendant …present[ed] some evidence of actual prejudice."[30] Likewise, in *Pereira v. Gov't of the V.I.*, the District Court held that "if the defendant suffers actual prejudice, the court must consider the Government's reasons for the delay and whether the length of the delay, when balanced against the reasons for the delay, violates those fundamental conceptions of justice which lie at the base of our civil and political institutions."[31]

¶18     Most recently in *Rivera v. People*, the Virgin Islands recognized the Territory's right to investigate and prosecute cases in accordance with its own ability and agenda – considering that "it has limited resources and must prioritize the cases it pursues" so long as a criminal defendant's

---

[27]*Id.* at 788-89 (quoting *Marion,* 404 U.S. 307 (1971)).

[28] *Rivera,* 64 V.I. 540, 572 (2016) (citations omitted) (quoting Michael J. Cleary, *Pre–Indictment Delay: Establishing A Fairer Approach Based on United States v. Marion* and *United States v. Lovasco,* 78 TEMP. L. REV. 1049, 1059 (2005)).

[29] *Id.* at 573. ("*See United States v. Gross,* 41 V.I. 463, 472, [WL], at *5 (D.V.I. 1999) (unpublished) (holding that "[n]o real, substantial prejudice to the defendant is apparent, so the Court will not ask the government to justify the delay"); *Gov't of V.I. v. Moncayo,* 31 V.I. 135, 141 (D.V.I. 1993) (unpublished) (questioning whether "the delay in returning formal charges [was] intentional, demonstrating a total lack of diligence or for some other improper reason" and concluding no due process violation where delay was largely attributed to the defendant's evasion of process by the courts).").

[30] *United States v. Gross,* 41 V.I. 463, 472, [WL], at *5 (D.V.I. 1999) (unpublished) (holding that "[n]o real, substantial prejudice to the defendant is apparent, so the Court will not ask the government to justify the delay"); See also *Gov't of V.I. v. Moncayo,* 31 V.I. 135, 141 (D.V.I. 1993) (unpublished) (questioning whether "the delay in returning formal charges [was] intentional, demonstrating a total lack of diligence or for some other improper reason" and concluding no due process violation where delay was largely attributed to the defendant's evasion of process by the courts).

[31] *Pereira v. Gov't of V.I.,* Crim. No. 2003/035, 2008 WL 5632270, at *4 (D.V.I. Feb. 27, 2008), *aff'd,* 302 Fed. Appx. 72 (3d Cir.2008).

*People of the Virgin Islands v. Jacques Cajuste*                                    2022 VI Super 62U
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
Memorandum Opinion and Order
Page 7

Constitutional right to due process is not violated.[32] The court in *Rivera* established that "once a defendant has proved substantial prejudice to his defense, the government must justify its delay, and this explanation will be balanced against the prejudice the defendant suffered due to the delay to determine whether a violation of justice has occurred."[33] The Court examined whether the government intentionally delayed bringing the case to gain tactical advantage or recklessly disregarded circumstances known to the prosecution that suggested "an appreciable risk that delay would impair the ability to mount an effective defense."[34]

## III.   ANALYSIS

¶19    Cajuste argues that "fourteen years after the alleged underlying criminal activity, and eleven years after the limitations period for most of the charges expired, the People commenced this criminal case" and the "totally unexcused, delay between the incident and the commencement of this case" violates Cajuste's Due Process rights.[35] Cajuste does not raise a Sixth Amendment speedy trial argument, but exclusively focuses on Fifth Amendment due process concerns.

### A.  The Court finds that the Defendant has not met his burden to establish a due process violation based on preaccusation delay.

¶20    Given that Virgin Islands courts have seemingly endorsed the minority balancing test to establish the standard for a due process violation claim based on preaccusation delay, this Court finds that once a defendant has proven substantial prejudice to his defense, the government must justify its delay, and the explanation will be balanced against the prejudice the defendant suffered due to the delay to determine whether a violation of justice has occurred.[36]

¶21    According to Cajuste, the People's delay in the filing of charges has caused substantial prejudice in his case and that the fourteen-year delay begs explanation. In support, Cajuste claims that "witnesses' recollections most likely have dimmed…[and] neighbors who resided in the community where this incident occurred, may have relocated, died, or otherwise become unavailable for [his] investigatory efforts."[37]

¶22    The People respond by asserting that "[t]he Defendant has made no definitive statement regarding any efforts by the Defendant to investigate and speak with witnesses and any failures experienced as a result."[38] Further, the People argue that "[t]he Defendant's claims of due process

[32] *Rivera*, 64 V.I. 540, 573 (2016).
[33] *Id.*
[34] *Id.* at 571 (quoting *Lovasco*, 431 U.S. at 795 n.17).
[35] Def. Jacques Cajuste's Mot. to Dismiss Counts One and Seven of the Info. 2.
[36] *Rivera*, 64 V.I. 540, 573 (2016).
[37] Def. Jacques Cajuste's Mot. to Dismiss Counts One and Seven of the Info. 3.
[38] People's Response to Mot. to Dismiss. 10.

*People of the Virgin Islands v. Jacques Cajuste*
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
Memorandum Opinion and Order
Page 8

2022 VI Super 62U

violations based on delay is objective and does not provide any substance for the People to rebut or by which the court can base a dismissal of these counts."[39]

¶23    A delay that causes a witness's or defendant's memories to diminish is insufficient to establish the requisite degree of actual and substantial prejudice needed for a due process violation.[40] For example, in *U.S. v. Benson*, the Third Circuit found it insufficient to establish prejudice when a witness's memory faded due to a thirty-four month delay because the defendant had access to other information in discovery.[41] Additionally, delays that cause the preclusion of discovering witnesses, losing evidence, the death of witnesses, or causes witnesses to refuse to testify is generally insufficient to establish prejudicial preaccusation delay that would result in a due process violation.[42]

¶24    The Court finds that Cajuste failed to demonstrate a concrete instance where the People's pre-charging delay actually and substantially prejudiced him to the extent that would warrant dismissal of the Counts of the Information. Cajuste has not presented any evidence to this Court that the People delayed prosecution in bad faith to gain a tactical advantage. Although Cajuste argues that "the discovery shows an entirely unexplained gap from March 2007 to March 2015 in the investigation of this case," "without proof of actual prejudice, a due process claim is not ripe for adjudication."[43] The Court cannot presume prejudice absent proof established by the Defendant. The role of the Court is circumscribed to determine the action complained of here, not impose its own notions of due process.

> [T]he Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment. Judges are not free, in defining "due process," to impose on law enforcement officials our "personal and private notions" of fairness and to "disregard the limits that bind judges in their judicial function. "Our task is more circumscribed. We are to determine only whether the action complained of - here, compelling respondent to stand trial after the Government delayed indictment to investigate further - violates those "fundamental conceptions of justice which lie at

---

[39] *Id.*

[40] *See e.g., U.S. v Benson*, 487 F.2d 978, 985-86 (3d Cir. 1973).

[41] *Id.*

[42] 42 GEO. L.J. ANN. REV. CRIM. PROC. at 412 (2013) *See* n. 1305-09 (referencing *U.S. v. Stokes*, 124 F.3d 39, 47 (1st Cir.1997) (claim that 5-year delay prevented defendant from locating witness insufficient to show actual prejudice because defendant was unable to locate witness before state trial on related charges 3 years prior to federal indictment); *U.S. v. Munoz-Franco*, 487 F.3d 25, 29 (1st Cir. 2007) (claim that delay caused actual prejudice insufficient because defendant was unable to show that lost witnesses could provide exculpatory evidence on his financial activities); *U.S. v. Mmahat*, 106 F.3d 89, 94 (5th Cir. 1997) (claim that death of witness during 9-year delay prejudiced defendant insufficient because witness's testimony preserved in transcripts of prior civil action for same conduct), overruled in part on other grounds by *U.S. v. Estate of Parsons*, 367 F.3d 409, 418 (5th Cir. 2004); and *U.S. v. Duncan*, 763 F.2d 220, 222 (6th Cir. 1985) (claim that delay resulted in former girlfriend's refusal to testify not sufficiently prejudicial to justify dismissal because no indication former girlfriend would aid defense).

[43] *Lovasco*, 431 U.S. 783, 789 (1977).

*People of the Virgin Islands v. Jacques Cajuste*
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
Memorandum Opinion and Order
Page 9

2022 VI Super 62U

the base of our civil and political institutions," and which define "the community's sense of fair play and decency."[44]

¶25     It is probable that Cajuste has suffered some prejudice to his defense given the lengthy amount of time from when the crime was committed to the time when he was charged with the Counts of Information.[45] In *Francis v. People*, the Court recently held that "a post-information delay of one year is sufficient to raise a presumption of prejudice, requiring further evaluation of the reasons and consequences behind the post-charging delay."[46] Further, in *Doggett*, the Supreme Court found that "even where the prosecution's delay is due to mere negligence, it is not 'automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him."[47] However, the Virgin Islands Supreme Court in *Ventura* did not recognize "the legal parallel between the presumed prejudice [...] suffered from pre-information delay and a defendant's presumed prejudice resulting from a post-information delay."[48] *Doggett* dealt with the presumption of prejudice in post- accusation delay that triggered a Sixth Amendment speedy trial right analysis, whereas the case at hand deals with safeguards against pre-accusation delay and Cajuste's Fifth Amendment due process rights.

¶26     Accordingly, Cajuste has the burden of demonstrating substantial prejudice caused by the delay. This burden is heavy; it requires "that he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceedings was likely affected."[49] The burden to prove actual and substantial prejudice may be met through showing loss attributed to the delay "of specific witnesses or documents that would have provided information unavailable through other sources."[50] In the instant Motion, Cajuste does not allege any specific person or document that is now unavailable. Instead, he argues through a series of rhetorical questions concerning the People's discovery: "Is there sufficient samples from the crime scene for Mr. Cajuste to have an expert conduct her or his own analysis? Or have samples deteriorated or otherwise been lost? What about the persons who purportedly identified Mr. Cajuste?"[51] "An allegation of a denial of due process 'cannot rely on the real possibilities inherent in the delay, such as dimmed memories, inaccessible witnesses, and lost evidence. The defendant

---

[44] *Id.* at 791. (quoting *Rochin v. California*, 342 U.S. 165, 170 (1952); then quoting *Mooney v. Holohan*, 294 U.S. 103, 112 (1935); then quoting *Rochin v. California, supra*, at 173. See also *Ham v. South Carolina*, 409 U.S. 524, 526 (1973); *Lisenba v. California*, 314 U.S. 219, 236 (1941); *Hebert v. Louisiana*, 272 U.S. 312, 316 (1926); *Hurtado v. California*, 110 U.S. 516, 535 (1884) (all citations omitted).

[45] See e.g., *Commonwealth v. Scher*, 803 A.2d 1204, 1217 (Pa.2002) (holding "prejudice alone is not sufficient to show a violation of due process where the delay was due to the government's continuing investigation of the crime").

[46] *Francis v. People*, —— V.I. ——, 2015 V.I. Supreme LEXIS 35, at *36, 2015 WL 6460074 (V.I. Oct. 23, 2015).

[47] *Ventura v. People*, 64 V.I. 589, 609 (2016) (quoting *Doggett v. United States*, 505 U.S. 647, 657 (1992)).

[48] *Id.* at 610.

[49] *Jones v. Angelone*, 94 F.3d 900, 907 (4th Cir.1996).

[50] *Ventura*, 64 V.I. 589, 612 (2016) (referencing *Carty*, 56 V.I. at 367–68 (finding no actual prejudice where defendant offered no evidence that a favorable witness actually existed).

[51] Def. Jacques Cajuste's Mot. to Dismiss Counts One and Seven of the Info. 4.

*People of the Virgin Islands v. Jacques Cajuste*
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
**Memorandum Opinion and Order**
**Page 10**

2022 VI Super 62U

must show actual prejudice.'"[52] The Court finds that speculation about possible lost evidence is insufficient to support a Fifth Amendment due process violation.[53]

¶27    Relying upon *Balboni*, Cajuste argues that the Revised Organic Act guarantee of due process that "[n]o person shall be held to answer for a criminal offense without due process prior to being charged" implicates a more stringent view than the federal due process analysis, but he does not articulate what this stricter view should be. Such an argument is an insufficient basis for this Court to depart from the Supreme Court of the Virgin Islands holding in *Ventura*:

> Because we believe that requiring the defendant to prove the reason behind the government's decision to delay charging him with a crime would be nearly impossible, rendering the rule defunct, *see Howell v. Barker*, 904 F.2d 889, 895 (4th Cir.1990), we join the minority of jurisdictions and hold that once a defendant has proved substantial prejudice from the delay, the burden shifts to the People to explain the delay.[54]

As explained above, Cajuste has failed to meet his burden of demonstrating substantial prejudice caused by the delay. Of further importance is the fact that there is no statute of limitations for murder in recognition of the value of human life and the view that taking the life of another person is one of the most serious and heinous crimes that a person can commit. If there were a statute of limitations for murder, the passage of time would inure to the benefit of the guilty.

¶28    In addition to moving this Court to dismiss Counts One and Seven of the Information, Cajuste requests this Court to set an evidentiary hearing and direct the People to "provide the appropriate addresses of the investigating officers who are no longer with the Virgin Islands Police Department."[55] However, Cajuste failed to file an appropriate motion to compel the production of this information.

¶29    Accordingly, this Court finds that Cajuste has not met his burden to establish that he has suffered substantial prejudice in violation of his due process rights and, thus, the Court need not examine why the government delayed in bringing charges to determine whether a violation of justice has occurred. Further delay was caused by the suspension of jury trials and in-person proceedings from March 2020 to September 2021 and then in December 2021 to January 2022.

## IV.    CONCLUSION

---

[52] *Id.* (quoting *State v. Glazebrook*, 803 N.W.2d 767, 778 (Neb.2011)).

[53] *Id.; See e.g., Jackson*, 446 F.3d at 851 ("Alleged prejudice is insufficient to establish a due process violation if it is insubstantial, speculative, or premature.")

[54] 64 V.I. 589, 609 (V.I. 2016).

[55] Def. Jacques Cajuste's Mot. to Dismiss Counts One and Seven of the Info. 4.

*People of the Virgin Islands v. Jacques Cajuste*
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
Memorandum Opinion and Order
Page 11

2022 VI Super 62U

¶30     This Court will deny Defendant Jacques Cajuste's Motion to Dismiss Counts One and Seven of the Information based on pre-indictment delay because he failed to show that he was substantially prejudiced by the length of time that elapsed between the murder of Egbert Stuart and Cajuste's arrest. The primary safeguard against bringing overly stale criminal charges is generally the statute of limitations.  Because the statute of limitations does not apply to Counts One and Seven of the Information in this case, the Court recognizes that the Fifth and Sixth Amendments play a role in protecting against oppressive delay. Although Cajuste failed to assert his Sixth Amendment right to a speedy trial in the instant Motion, his Fifth Amendment right safeguards against pre-accusation delay are at issue. The Court considered the minority approach balancing test to establish the standard for Cajuste's due process violation claim and found that he has not met his burden of proving substantial prejudice. Cajuste's examples of prejudice caused by the delay are insufficient to establish the requisite degree of substantial prejudice needed for a due process violation and the Court cannot presume prejudice absent proof established by the Defendant. Although the Court acknowledges that Cajuste has suffered some prejudice to his defense given the lengthy amount of time from when the crime was committed to the time he was charged with the Counts of the Information, the allegations of prejudice set forth in the Motion are insufficient to grant his Motion to Dismiss. Accordingly, it is hereby

**ORDERED** that Defendant Jacques Cajuste's Motion to Dismiss Counts One and Seven of the Information, filed on January 10, 2020, is **DENIED**;  and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to Attorney Adam G. Christian; Assistant Attorney General Kimberly M. Riley; and Attorney Julie Smith Todman, Office of the Territorial Public Defender.

DATED: 6/30/2022

_____
**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY: _____
for **LATOYA CAMACHO**
Court Clerk Supervisor 06/30/2022