IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

May 08, 2026 04:01 PM
SCT-Crim-2023-0122
**DALILA E. PATTON, ESQUIRE**
**CLERK OF THE COURT**

FOR PUBLICATION

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

**RICHARD A. PENN, JR.,**
    Appellant/Defendant,

v.

**PEOPLE OF THE VIRGIN ISLANDS**
    Appellee/Plaintiff.

)
)
)
)
)
)
)
)
)
)
)

**S. Ct. Crim. No. 2023-0122**
Re: Super. Ct. Crim. No. 22/284 (STT)

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas & St. John
Superior Court Judge: Hon. Sigrid M. Tejo

Considered: October 8, 2024
Filed: May 8, 2026

Cite as: 2026 VI 6

**BEFORE:**     **RHYS S. HODGE,** Chief Justice; **IVE ARLINGTON SWAN,** Associate Justice; and **HAROLD W. L. WILLOCKS,** Associate Justice.

**ATTORNEYS:**

**Stephen H. Franko IV, Esq.**
Office of Territorial Public Defender
St. Thomas, U.S.V.I.
    *Attorney for Appellant,*

**Sean P. Bailey, Esq.**
Assistant Attorney General
St. Thomas, U.S.V.I.
    *Attorney for Appellee.*

*Penn v. People*
S. Ct. Crim. No. 2023-0122
**OPINION OF THE COURT**
Page 2 of 16

2026 VI 6

## OPINION OF THE COURT

**SWAN, Associate Justice.**

¶1    Appellant Richard A. Penn, Jr. ("Penn") appeals the Superior Court's June 17, 2023 order which denied his motion to dismiss his case for lack of a speedy trial. For the reasons elucidated below, we affirm the Superior Court's June 17, 2023 order denying Penn's motion.

## I.    FACTUAL BACKGROUND AND PROCEDURAL POSTURE

¶2    Acting upon information, investigation, and belief, the Virgin Islands Police arrested Penn on April 30, 2018, for allegedly engaging in sexual intercourse with his minor stepdaughter, M.S., when she was between 12 and 18 years old. On May 15, 2018, the People of the Virgin Islands charged Penn in an eight count information with four counts of aggravated rape in the first degree and two counts of first degree unlawful sexual contact—domestic violence along with two counts of child abuse.[1] The matter was originally docketed as ST-2018-

---

[1] Count One:    Aggravated Rape in the first degree—Domestic Violence in violation of 14 V.I.C. § 1700(a)(1); 16 V.I.C. § 91(b)(6).

Count Two:    Aggravated Rape in the first degree—Domestic Violence in violation of 14 V.I.C. § 1700(a)(1); 16 V.I.C. § 91(b)(6).

Count Three:    Aggravated Rape in the first degree—Domestic Violence in violation of 14 V.I.C. § 1700(a)(1); 16 V.I.C. § 91(b)(6).

Count Four:    Aggravated Rape in the first degree—Domestic Violence in violation of 14 V.I.C. § 1700(a)(1); 16 V.I.C. § 91(b)(6).

Count Five:    First Degree Unlawful Sexual Contact—Domestic Violence in violation of 14 V.I.C. § 1708(2); 16 V.I.C. § 91(b)(6).

Count Six:    First Degree Unlawful Sexual Contact—Domestic Violence in violation of 14 V.I.C. § 1708(2); 16 V.I.C. § 91(b)(6).

Count Seven: Child Abuse in violation of 14 V.I.C. § 505.

*Penn v. People*
S. Ct. Crim. No. 2023-0122
**OPINION OF THE COURT**
Page 3 of 16

2026 VI 6

CR-00110 in the Superior Court. The Superior Court conducted Penn's advice of rights hearing on May 1, 2018, and Penn was subsequently granted bail. Penn appeared for his arraignment on May 17, 2018, and the Superior Court scheduled the case for trial on October 15, 2018.

¶3     On August 14, 2018, almost two months before the commencement of trial, Penn's counsel filed a motion to continue jury selection scheduled for October 15, 2018. In the motion, Penn's counsel informed the People and the Superior Court that she was scheduled to be in South Africa on a group trip from October 2, 2018 to October 19, 2018, including visits to the cities of Cape Town, Johannesburg and Victoria Falls on the date schedule for trial. The People opposed Penn's motion, contending that the victim witness had joined the U.S. Army and was scheduled to leave the Virgin Islands on December 1, 2018. Despite the People's opposition to rescheduling the jury selection date, the Superior Court granted Penn's counsel's motion and set November 26, 2018 as the new trial date.

¶4     On November 26, 2018, the Superior Court cancelled jury selection because the number of people in the jury pool was insufficient to select a jury. A subsequent pretrial conference on January 29, 2019 disclosed to the Superior Court that the victim witness was on active duty in the military and was unavailable to testify at trial. Based on this information, the Superior Court scheduled the final pretrial conference for October 7, 2019 and jury selection for October 28, 2019. At the final pretrial conference on October 7, 2019, the Superior Court considered and granted the People's motion to continue the jury selection and trial to April 14, 2020 over Penn's objection.

---

Count Eight:   Child Abuse in violation of 14 V.I.C. § 505.

*Penn v. People*
S. Ct. Crim. No. 2023-0122
**OPINION OF THE COURT**
Page 4 of 16

2026 VI 6

¶5 However, in consequence of the COVID-19 pandemic commencing early in 2020, the Superior Court's non-essential functions were suspended and, as a consequence, Penn's jury selection and trial scheduled for April 14, 2020 were postponed. After the Superior Court resumed jury trials in October 2021, the Superior Court informed the parties that the final pretrial conference was scheduled for August 22, 2022 with jury selection and trial to commence September 12, 2022. The Superior Court order dated August 22, 2022 subsequently confirmed Penn's trial date was September 19, 2022.

¶6 On September 8, 2022, the People filed a motion to dismiss Penn's case without prejudice. In support of their motion, the People stated that they were unable to prove the case beyond a reasonable doubt. The People never informed the Superior Court whether the reason they were unable to prove the case beyond a reasonable doubt was because of a lack of evidence or the unavailability of the victim witness serving in the U.S. Armed Forces. Nevertheless, Penn opposed the People's motion on September 12, 2022, arguing that dismissing his case without prejudice was an abuse of process and only served to harass him. Accordingly, Penn requested that the Superior Court dismiss the case with prejudice based on the delay of the commencement of trial and the proscription of Rule 48(b)(2) of the V.I. Rule of Criminal Procedure. Penn also argued that despite the fact that no party was to be blamed for the delays due to the COVID-19 pandemic, the last minute nature of the People's motion to dismiss the case should be weighed against them. On September 13, 2022, the Superior Court admonished the People for the delay but granted their motion to dismiss the case without prejudice.

¶7 On October 17, 2022, the People re-filed the criminal charges against Penn in a ten count information and commenced a new criminal case bearing the docket number ST-2022-CR-

*Penn v. People*
S. Ct. Crim. No. 2023-0122
**OPINION OF THE COURT**
Page 5 of 16

2026 VI 6

00284.[2] On October 20, 2022, Penn's counsel filed a motion to dismiss for lack of a speedy trial. While acknowledging the role that the COVID-19 pandemic had in delaying the case, Penn demanded a speedy trial, arguing that the case had already languished for too long in the Superior Court. In his motion, Penn exclusively attributed 170 days of delay to the People and accused the People of abusing the legal process. In response, the People argued that under *Browne v. People*, 74 V.I. 601, 605 (V.I. 2021) they had the authority to seek a dismissal of the case without prejudice in order to secure re-filing the charges at a later date and categorically denied engaging in any intentional or unprofessional misconduct. The Superior Court denied

---

[2] Count One:   Aggravated Rape in the first degree—Domestic Violence in violation of 14 V.I.C. § 1700(a)(1); 16 V.I.C. § 91(b)(6).

Count Two:   Aggravated Rape in the first degree—Domestic Violence in violation of 14 V.I.C. § 1700(a)(1); 16 V.I.C. § 91(b)(6).

Count Three:   Aggravated Rape in the first degree—Domestic Violence in violation of 14 V.I.C. § 1700(a)(2); 16 V.I.C. § 91(b)(6).

Count Four:   Aggravated Rape in the first degree—Domestic Violence in violation of 14 V.I.C. § 1700(a)(2); 16 V.I.C. § 91(b)(6).

Count Five:   Aggravated Rape in the second degree—Domestic Violence in violation of 14 V.I.C. § 1700a (a); 16 V.I.C. § 91(b)(6).

Count Six:   Aggravated Rape in the second degree—Domestic Violence in violation of 14 V.I.C. § 1700a (a); 16 V.I.C. § 91(b)(6).

Count Seven:   First Degree Unlawful Sexual Contact—Domestic Violence in violation of 14 V.I.C. § 1708(2); 16 V.I.C. § 91(b)(5).

Count Eight:   First Degree Unlawful Sexual Contact—Domestic Violence in violation of 14 V.I.C. § 1708(3); 16 V.I.C. § 91(b)(5).

Count Nine:   Child Abuse 14 V.I.C. § 505.

Count Ten:   Child Abuse 14 V.I.C. § 505.

*Penn v. People*
S. Ct. Crim. No. 2023-0122
**OPINION OF THE COURT**
Page 6 of 16

2026 VI 6

Penn's motion to dismiss for lack of a speedy trial in a June 17, 2023 order. In the same order, the Superior Court concluded that the delay between Penn's arrest on October 7, 2022 and the trial date scheduled for September 2023 was not presumptively prejudicial. Applying all the factors established in *Barker v. Wingo*, 407 U.S. 514 (1972), the Superior Court concluded that although Penn asserted his rights to a speedy trial in a motion before the court, none of the other *Barker* factors were met; therefore, there was ultimately no prejudice to Penn.

¶8 On August 11, 2023, the People presented Penn with a conditional plea offer. The terms of the offer included, among other conditions, that if Penn pled guilty to unlawful sexual contact, count eight of the information, the People would recommend a prison sentence of 15 years, in addition to other conditions. On October 10, 2023, Penn endorsed the conditional plea agreement, which preserved appellate review of the Superior Court's denial of his motion to dismiss the case for lack of a speedy trial. On December 6, 2023, pursuant to Rule 11(2) of the Virgin Islands Rules of Criminal Procedure, the Superior Court sentenced Penn to a term of 15 years imprisonment at the Bureau of Corrections based on his conditional plea of guilty to count eight of the information, which charged unlawful sexual contact in the first degree – domestic violence in violation of title 14 V.I.C. § 1708(3) and 16 V.I.C. § 91(b)(5). Penn timely filed a notice of appeal, and this appeal ensued.

## II.   JURISDICTION

¶9 Title 4, section 32(a) of the Virgin Islands Code vests this Court with jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court. An order is considered final for purposes of this statute if it "disposes of all the claims submitted to the Superior Court for adjudication." *Matthew v. Herman*, 56 V.I. 674, 677 (V.I. 2012). Because the Superior Court's June 17, 2023 order disposes of all the claims submitted to it for

*Penn v. People*
S. Ct. Crim. No. 2023-0122
**OPINION OF THE COURT**
Page 7 of 16

2026 VI 6

adjudication, that order constitutes a final order, and this Court has jurisdiction over Penn's appeal.

## III.  STANDARD OF REVIEW

¶10  This Court exercises plenary review of all constitutional questions of law. *Carty v. People*, 56 V.I. 345, 354 (V.I. 2012); *Waterman v. Farmer*, 183 F.3d 208, 211-12 (3d Cir. 1999); *Tyler v. Armstrong*, 365 F.3d 204, 208 (3rd Cir. 2004). Further, we review the Superior Court's findings of fact for clear error. *Francis v. People*, 63 V.I. 724, 746 (V.I. 2015); *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007).

## IV.  DISCUSSION

### A. Penn's Sixth Amendment Speedy Trial Claim

¶11  Penn asserts two issues on appeal. First, Penn argues that the Superior Court erred when it only considered evidence he presented after October 7, 2022, which violated Rule 12(d) of the Virgin Islands Rules of Criminal Procedure. Secondly, Penn argues that the Superior Court violated his Sixth Amendment right to a speedy trial when it denied his request to dismiss his case with prejudice. Although Penn attempts to bifurcate the issue before this Court, the question he presents is simply whether the Superior Court's failure to consider several years of delay in the earlier case, which the People previously brought against him, violated his constitutional right to a speedy trial in the second case, when the delays in both cases are combined.

¶12  A defendant in a criminal case appearing in the Virgin Islands' courts is entitled to the right of a speedy and public trial, pursuant to the Sixth Amendment of the United States Constitution, which is applicable to the Virgin Islands Code through the Revised Organic Act. 48 U.S.C. § 1561; Revised Organic Act of 1954, § 3, *see also Carty*, 56 V.I. at 361). The

*Penn v. People*
S. Ct. Crim. No. 2023-0122
**OPINION OF THE COURT**
Page 8 of 16

2026 VI 6

objective of the speedy trial right is to prevent undue oppressive incarceration prior to trial, minimize the defendant's anxiety and concern accompanying public accusation, and limit the possibility that a long delay will impair the defendant's ability to present a defense. *Id.* (citing *Klopfer v. North Carolina*, 386 U.S. 213, 221-22 (1967)); *see also Francis*, 63 V.I. at 744. The right further serves to sustain integrity and fairness in criminal proceedings and in the efficient administration of justice. Importantly, however, the Sixth Amendment right to a speedy trial "is not primarily intended to prevent prejudice to the defense caused by the passage of time; this interest is protected by the Constitution's Due Process Clause of the United States Constitution and by statutes of limitations." *See United States v. McDonald*, 456 U.S. 1, 8 (1982).[3]

¶13　　*Barker* establishes the well-settled standard governing challenges to the Sixth Amendment right to a speedy trial. Its four-factor test considers: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) and prejudice to the defendant. 407 U.S. at 530; *see also Carty*, 56 V.I. at 361; *Francis*, 63 V.I. at 744. Because all the factors are related and no one factor alone is dispositive, a court determining whether a defendant's speedy trial rights has been violated must balance all four factors along with any other relevant circumstances. *Barker*, 407 U.S. at 530, *United States v. Sutton*, 862 F.3d 547 (6th Cir. 2017). *See also United States v. Black*, 918 F.3d 1099 (10th Cir. 2016) and *United States v. Santiago-Becerril*, 130 F.3d 11 (3d Cir. 2019) (observing that none of these factors alone is

---

[3] A defendant on bail is entitled to the speedy trial defense under the Sixth Amendment. *U.S. v. Hicks*, 779 F.3d 1163 (3rd. Cir. 2015). The right to speedy trial, as delineated by the Speedy Trial Clause, is designed to minimize the impairment of liberty imposed on an accused while released on bail among other protections. *United States v. Black*, 918 F.3d 243 (3rd. Cir. 2019), *Cain v. Smith*, 686 F.2d 374 (2nd. Cir. 1982). This right is irrespective of whether the accused is in custody or on bail.

*Penn v. People*
S. Ct. Crim. No. 2023-0122
**OPINION OF THE COURT**
Page 9 of 16

2026 VI 6

sufficient to establish a violation but that they must be considered together in the context of the case).

### *1.    Length of Delay*

¶14    As a threshold matter, a criminal defendant must allege that the delay between indictment (or arrest) and trial (or until the case is dismissed by a motion) is sufficiently lengthy that the delay becomes presumptively prejudicial. It is well settled that a delay of over 12 months is presumed to be sufficiently prejudicial in this jurisdiction. *See Francis*, 63 V.I. at 748 (citing *Carty*, 56 V.I. at 365 and *Brown v. People*, 55 V.I. 496, 503 (V.I. 2011)). Accordingly, we will first decide whether the delay Penn alleges is sufficiently lengthy to be deemed presumptively prejudicial to trigger analysis of the remaining *Barker* factors. *See Doggett v. United States*, 505 U.S. 647, 651-52 (1992) (observing that longer delays are more presumptively prejudicial to the rights of a defendant and weigh in favor of examining the remaining three *Barker* factors.)

¶15    Penn must demonstrate that the length of the delay is "presumptively prejudicial." *Barker*, 407 U.S. at 514. The length of delay is the lapse between the time the speedy trial right attaches and when it detaches. *See e.g. United States v. Villareal*, 613 F.3d 1344 (11th Cir. 2010); *see also Carty*, 56 V.I. at 361 (citing *United States v. Marion*, 404 U.S. 307, 313 (1971)); *Baker v. McCollan*, 443 U.S.137 (1970), *Dillingham v. United States*, 423 U.S. 64 (1975), *Klopfer v. North Carolina*, 386 U.S. 213 (1967). Here, the People recharged Penn on October 17, 2022. Three days later, on October 20, 2022, Penn filed a motion to dismiss his case on grounds that his speedy trial rights were violated. After the Superior Court denied Penn's motion in an order dated June 17, 2023, Penn consummated a conditional plea with the People that preserved appellate review of the Superior Court's denial of his motion to dismiss for lack of

speedy trial on October 10, 2023. The elapsed time between October 17, 2022 when Penn was recharged and October 10, 2023 when he accepted the conditional plea that terminated his case was 11 months and 23 days. This is less than the 12 month period identified in our prior opinions for the delay to be presumptively prejudicial. *See e.g.*, *Brown*, 55 V.I. at 503 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

¶16    Nevertheless, Penn argues the length of delay in his prior case, ST-2018-CR-00110, which totaled over four years from his initial arrest to the *nolle prosequi* dismissal of the charges, must be added to the delay in the second case docketed as ST-2022-CR-00284 to determine that the total length of his delay was 4 years, 3 months, and 29 days. Accordingly, Penn argues that he has established that the length of the delay is presumptively prejudicial. In support of his argument that his speedy trial date attaches from his prior case, he cites *Doggett* and *Rivera v. People*, 64 V.I. 540, 582 (V.I. 2016).

¶17    We agree and hold that, for purposes of the first *Barker* factor, the Speedy Trial period begins to run with the first arrest or information, whichever is earlier. *Carty v. People*, 56 V.I. 345, 365 (V.I. 2012). The period is then tolled when the prosecution dismisses the charges *nolle prosequi*, and the period resumes running with the second arrest or information on charges that are the same or otherwise vary only in the addition of lesser included charges stemming from the same criminal incident. This approach expressly has been adopted by the First and Seventh Circuits, *see United States v. Colombo*, 852 F.2d 19, 24 (1st Cir. 1988); *United States v. Fuesting*, 845 F.2d 664, 668 (7th Cir. 1988), by at least thirteen state courts, and by Congress in implementing the Sixth Amendmentright right in the Speedy Trial Act of 1974. *See* 18 U.S.C. § 3161(h)(5); *United States v. Rojas-Contreras*, 474 U.S. 231, 239 (Blackmun, J., concurring in judgment) (explaining the Act's effect). Further, the Supreme Court suggested this approach in

*United States v. MacDonald*, 456 U.S. 1 (1982), where the Court confronted a dismissal of military charges and a subsequent federal indictment for the same incident. *MacDonald* held that the Speedy Trial Clause did not apply to the period between the dismissal of the military charges and the federal indictment since no charges were then pending against the defendant. 456 U.S. at 7, 10. Adding that its holding "agrees" with the approach in the Speedy Trial Act, the Court observed that the Act "provides that if charges are initially dismissed and later reinstated, the period between the dismissal and the reinstatement is not to be included in computing the time within which a trial must commence." *Id.* at 7 n.7 (citing the Act). Combining the two charging periods in this way ensures that the Speedy Trial Clause reaches its full extent, preventing the government from acting "in [bad] faith," *id.* at 7, and "nullify[ing] a defendant's speedy trial right by the simple expedient of dismissing and reindicting whenever speedy trial time was running out on its prosecution." *Colombo*, 852 F.2d at 23-24. And excluding the interim period during which the defendant is not incarcerated ensures that the Speedy Tral Clause does not extend too far by tethering it to its true purpose of preventing, *inter alia*, "undue and oppressive incarceration prior to trial." *Francis v. People*, 63 V.I. 724, 744 (V.I. 2015)(quoting *Carty*, 56 V.I. at 361).

¶18 Applying this approach, this Court agrees with Penn's argument that the length of delay in both cases, totaling over four years, should be combined; however, it should exclude the interim period between the People's *nolle prosequi* dismissal and the filing of the second information, during which Penn was not subject to any restriction on his liberty. To trigger the speedy trial analysis in this jurisdiction, the defendant must assert that the time or interval between arrest or accusation and trial has exceeded the 12 month threshold that we have previously recognized gives rise to a presumption of prejudicial delay. *See, e.g., Brown*, 55 V.I.

*Penn v. People*
S. Ct. Crim. No. 2023-0122
OPINION OF THE COURT
Page 12 of 16

2026 VI 6

at 503 (citing *Doggett*, 505 U.S. at 652 n.1). Accordingly, Penn has satisfied the first *Barker* factor that the length of the delay is presumptively prejudicial, and this Court will analyze the remaining factors, which, as we consider and explain below, outweigh this presumption.

### 2. *Reason for Delay*

¶19    In assessing the "reason for delay" factor, this Court considers whether the government or the defendant is most at fault for causing the delay from the time of Penn's arrest on October 7, 2022 to his scheduled trial date of September 5, 2023. Delays attributed to the People weigh in favor of Penn's speedy trial claim, while delays attributed to Penn do not. *Alexander v. Gov't of the V.I.*, 78 V.I. 969, 979-80 (V.I. 2024). Importantly, "the reasons for the delay impacts the weight given a particular delay." *Francis*, 63 V.I. at 748. Determining the reason for the delay is important because such a determination affects the weight accorded to that particular delay. *Id. See also Doggett*, 505 U.S. at 657. Neutral reasons such as negligence or an overcrowded court docket weigh less heavily against the prosecution, and a valid reason, such as tracking down a missing witness, need not be given any weight at all. *Alexander*, 78 V.I. at 980) (citing *Rodriguez*, 71 V.I. at 596). A legitimate reason, "such as a missing witness, should serve to justify appropriate delay." *Barker*, 407 U.S. 531. Penn dedicates a significant part of his brief to this issue, arguing stridently and vehemently that the prosecution is responsible for the delay because the People provided no evidence to substantiate their allegation that the witness was unavailable. Penn's arguments are meritless and spurious, because the record confirms that the reason for the delay was because the victim witness was serving abroad in the U.S. military, which is a valid reason for the delay. Accordingly, this delay is not attributable to the People.

*Penn v. People*
S. Ct. Crim. No. 2023-0122
**OPINION OF THE COURT**
Page 13 of 16

2026 VI 6

### 3. *Assertion of Speedy Trial Right*

¶20    Penn asserted his rights to a speedy trial in his September 9, 2022 motion to the Superior Court in which he opposed the People's motion to dismiss the case in ST-2018-CR-00110 without prejudice.   In that motion, Penn argued that the People's delay was prejudicial and violated his Sixth Amendment speedy trial rights.   Also, Penn's assertion of his rights was further memorialized in his October 10, 2023 conditional plea, which specified that Penn's plea of guilty is conditional upon this Court's review of any adverse determination regarding the Superior Court's denial of Penn's motion to dismiss the case with prejudice.   Although the trial record confirms that Penn initially asserted his Sixth Amendment right to a speedy trial in September of 2022, which weighs in his favor and against the People, this factor standing alone is insufficient to conclude that there was a speedy trial violation.   Instead, it must be weighed and considered in the context of the case as a whole. *See e.g., Santiago-Becerril*, 130 F.3d at 21 (citing *United States v. Henson*, 945 F.2d 430, 437 (1st Cir. 1991)).

### 4. *Prejudice to Defendant*

¶21    The final *Barker* factor requires us to consider whether the delays prejudiced Penn in any way. *See Carty*, 56 V.I. at 367.   In determining whether Penn suffered prejudice due to a speedy trial rights violation, this Court considers the three interests that the right to a speedy trial is designed to protect, namely: (1) to prevent oppressive pretrial incarceration (2) to minimize anxiety and concern of the accused and (3) to limit the possibility that the defense will be impaired. *See id. See also Barker*, 407 U.S. at 532: *Doggett*. The Court underscored the last interest because delay can result in loss of defense witnesses or dim memories of witnesses whose recollection may be crucial to a credible defense. *United States v. Gutierrez*, 351 F. App'x

*Penn v. People*
S. Ct. Crim. No. 2023-0122
**OPINION OF THE COURT**
Page 14 of 16

2026 VI 6

697, 699–700 (3d Cir. 2009). The defendant bears the burden of proving prejudice. *See Carty,* 56 V.I. at 367 (citing *Hakeem v. Beyer,* 990 F.2d 750, 760 (3d Cir.1993)). "A defendant can establish specific prejudice by showing that he was subject to "oppressive pretrial incarceration," that he suffered "anxiety and concern" about the impending trial, or that his defense was impaired as a result of the delay. *United States v. Battis,* 589 F.3d 673, 682 (3d Cir. 2009) (citing *Barker,* 407 U.S. at 532). *But see also, Doggett,* 505 U.S. at 655 (concluding that "consideration of prejudice is not limited to the specifically demonstrable," and allowing defendants to claim prejudice without providing "affirmative proof of particularized prejudice"). Courts "generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett,* 505 U.S. at 655-56. This presumption of prejudice can be mitigated by a showing that the defendant acquiesced in the delay, or can be rebutted if the Government "affirmatively prove[s] that the delay left [the defendant's] ability to defend himself unimpaired." *Id.* at 658 & n. 1. *See also Battis,* 589 F.3d at 682.

¶22   Here, Penn devotes one paragraph to the "prejudice to the defendant" factor, arguing that because he established presumptive prejudice by showing excessive delay, he is absolved from the requirement to demonstrate [additional particularized] prejudice," (Appellant's Br. 28).  In doing so, he relies on two Texas opinions: *State v. Wei,* 447 S.W.3d 549, 556 (Tex. App. 2014 and *Gonzales v. State,* 435 S.W.3d 801 (Tex. App. 2014), as support for the proposition that "affirmative proof of particularized prejudice is not essential to every speedy trial claims." *See Wei,* 447 S.W.3d at 554-555; *Gonzales,* 435 S.W.3d at 812. (Appellant's Br. 28-29.) Penn's argument on the "prejudice to the defendant" factor is conclusory because that section of his brief fails to provide supporting evidence, reasoning, or authority for the basis of his argument.

*Penn v. People*
S. Ct. Crim. No. 2023-0122
**OPINION OF THE COURT**
Page 15 of 16

2026 VI 6

Conclusory arguments lacking citation to any supporting authority and the absence of reference to facts in the record on appeal that are relied upon for support do not comply with the obligation imposed by Rule 22(a)(5) of the Virgin Islands Rules of Appellate Procedure and this Court does not consider on appeal issues that are raised but unsupported, underdeveloped, and conclusory. Penn has not identified any prejudice resulting from his pretrial delay. Additionally, he has not established that the delay jeopardized the testimony of any defense witness or his ability to receive a fair and impartial jury trial. Accordingly, Penn's insufficient and underdeveloped argument on the factor of prejudice to the defendant is waived pursuant to Rule 22(m). *See Heath v. People*, 78 V.I. 990, 1022, (V.I. 2024) (presentation of a single sentence lacking support authority, citation, and legal analysis results in waiver of argument pursuant to Rule 22(m) of the Virgin Islands Rules of Appellate Procedure.

## V.     CONCLUSION

¶23     Penn was not deprived of his Sixth Amendment right to a speedy trial, because all the factors considered do not demonstrate a violation of his constitutional right to a speedy trial. Accordingly, we affirm the Superior Court's June 17, 2023 order denying Penn's motion to dismiss the case for lack of a speedy trial.

**DATED this 8th day of May, 2026.**

**IVE ARLINGTON SWAN**
**Associate Justice**

**ATTEST**

**DALILA E. PATTON, ESQ.**
**Clerk of the Court**

*Penn v. People*
S. Ct. Crim. No. 2023-0122
**OPINION OF THE COURT**
Page 16 of 16

2026 VI 6

By: _____
   **Deputy Clerk**

Dated: _____5-8-26_____